(No. 58617.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. THOMAS LYNN, Appellant.

*Opinion filed April 19, 1984.—Rehearing denied June 29, 1984.*

Daniel D. Yuhas, Deputy Defender, and Gary R. Peterson, Assistant Defender, of the office of the State Appellate Defender, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert and James V. Cinotto, Assistant Attorneys General, of Springfield, of counsel), for the People.

JUSTICE MORAN delivered the opinion of the court:

The defendant, Thomas Lynn, was charged by information with two counts of battery, a Class A misdemeanor (Ill. Rev. Stat. 1981, ch. 38, par. 12—3(a)(1)). Defendant, without the presence of an attorney, pleaded guilty to the charges and was sentenced by the circuit

court of Macon County to a one-year period of probation. While on probation, the defendant was charged in two counts with deceptive practices in Sangamon County (Ill. Rev. Stat. 1981, ch. 38, par. 17—1(B)(d)) for which he was later convicted. This conviction served as the basis of a petition to revoke probation. After a hearing, at which defendant was represented by counsel, his probation was revoked. The defendant was then sentenced to a term of 364 days with credit given for time served on probation. This sentence was to run *concurrently* with the Sangamon County sentence of two years.

On appeal, the appellate court affirmed the revocation of probation, but vacated the sentence and remanded the cause for a more precise determination of the sentence credit. (113 Ill. App. 3d 1172 (Rule 23 order).) It did not decide the constitutional issue presented regarding the sentence of imprisonment following the revocation of probation. This court granted defendant's petition for leave to appeal. 87 Ill. 2d R. 315(a).

The sole issue presented for review is whether the defendant was denied his Federal constitutional right to counsel under the sixth and fourteenth amendments when he was sentenced, as a result of a probation-revocation proceeding, to a term of imprisonment on the underlying, uncounseled, misdemeanor convictions.

The record shows that the defendant was arraigned on the battery charges on June 2, 1981. At that time, the trial court admonished a group of accused persons, present in the courtroom, as to their rights. The defendant, as a member of that group, was given a written copy of the charges against him and advised that he had the right to plead guilty or not guilty. He was informed of the consequences of a guilty plea and told of his right to a trial by a judge or by a jury. In addition, the court instructed the group that they had a right to be represented by a lawyer. The court also described the various

classifications of misdemeanors, explaining the maximum sentence for each and also mentioning the possible sentences of probation and supervision. In discussing these sentences, the court stated:

> "[I]t's possible under Illinois law to plead guilty and apply for probation or supervision ***. However, I want you to understand that if you want to do that you are going to have to hire a lawyer to talk with about that procedure."

After this general admonition *en masse*, the court directed admonitions personally to each defendant. At this point, it was determined that defendant had read a copy of the charges against him and had understood the nature of those charges. The court then questioned the defendant as follows:

> "Mr. Lynn, do you want to plead guilty to these or do you want to plead not guilty or do you want to talk to a lawyer before you do or say anything?"

The defendant's response appears to have been uncertain, and so the court once again explained to him his options. In concluding, the court stated:

> "And if you have any doubt or reservations since these are both Class A misdemeanors and carry [a] maximum penalty of [a] year in jail, fine of $1,000, I would, of course, ask you and encourage you to talk with a lawyer but I can't make you do so."

Thereafter the defendant pleaded guilty to two counts of battery. It is undisputed that, although the court stated that defendant had a right to counsel and encouraged him to talk with a lawyer, it failed to inform the defendant, at any time, that he had a right to appointed counsel if indigent.

On June 30, 1981, a sentencing hearing was held. The defendant was sentenced to a one-year period of probation on the battery convictions. As one of the conditions of probation, the court required that the defendant not violate

any criminal statute of any jurisdiction.

While on probation, defendant was convicted in Sanga-mon County of two counts of deceptive practices. These convictions served as the basis for the petition to revoke his probation in Macon County. Following a hearing, at which time defendant was provided with counsel, his probation was revoked. Defendant was then sentenced to a term of 364 days on the battery convictions. As earlier noted, it was to run concurrently with the two-year sentence that he received on the convictions for deceptive practices. During oral argument, this court was informed that defendant's sentence has been served.

Before addressing the contentions of the parties, we must first determine whether this cause was been rendered moot by virtue of the defendant having served his sentence. When a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved, even when such facts are not in the record, the court will dismiss the appeal. (*People v. McCullum* (1977), 66 Ill. 2d 306, 316; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379.) A question is said to be moot when no actual controversy exists or where events occur which render it impossible for the court to grant effectual relief. (*West Side Organization Health Services Corp. v. Thompson* (1980), 79 Ill. 2d 503, 507; *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 250.) This court has previously stated that when an opinion, on a question of law, will not affect the parties before it, the court should refrain from deciding the question merely for the sake of setting a precedent to govern potential future cases. *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379.

However, in this case, defendant is contesting the validity of his original convictions. Although an appeal of a sentence is rendered moot when the sentence has been served

(*People v. Murrell* (1975), 60 Ill. 2d 287, 294; *People v. Smith* (1974), 59 Ill. 2d 236, 237), nullification of a conviction may have important consequences to a defendant (*Sibron v. New York* (1968), 392 U.S. 40, 58, 20 L. Ed. 2d 917, 932, 88 S. Ct. 1889, 1897; *People v. Murrell* (1975), 60 Ill. 2d 287, 294; *People v. Shambley* (1954), 4 Ill. 2d 38, 40-41). These same consequences are not apparent when the conviction stands and the defendant challenges only the sentence. (*People v. Murrell* (1975), 60 Ill. 2d 287, 294.) Since the defendant in the instant case is calling into question the validity of the conviction itself, completion of his sentence does not render the cause moot. We turn, therefore, to the issue presented.

The defendant, relying on *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, contends that the imposition of a sentence of confinement, following the revocation of his probation, retroactively violated his constitutional right to counsel at the time he entered his plea of guilty. The defendant cites *Burgett v. Texas* (1967), 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258, as authority for the proposition that a conviction obtained in violation of the right to counsel is void. Thus, the defendant concludes his battery convictions are void, since a sentence of imprisonment was eventually imposed.

We find defendant's reliance on *Burgett* to be misplaced. *Burgett* dealt with a defendant's right to counsel in a felony. Moreover, in that case, a presumptively invalid felony conviction was being used to enhance punishment for a subsequent crime under a recidivist statute. Although it is unconstitutional to try a person for a felony unless he either is represented by counsel or validly waives counsel (*Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792), the same is not true for misdemeanors.

Further, in *Burgett*, the prosecution was attempting to enhance the penalty for a subsequent crime. In the instant case, the penalty for the subsequent offense of deceptive

practices was not enhanced by the prior battery convictions. Nor was the penalty on the prior battery convictions enhanced because of the defendant's subsequent conduct. Rather, a condition of the original sentence of probation was violated and that violation resulted in a revocation proceeding at which the defendant was resentenced on the original convictions.

Similarly, we find *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, inapposite. In *Baldasar* the Supreme Court considered whether a prior uncounseled misdemeanor conviction could be used to convert a subsequent misdemeanor offense into a felony with a prison term. In that case, the defendant's prior uncounseled misdemeanor conviction enhanced the penalty for the subsequent crime by an additional two years. Once again, the issue before the court was sentence enhancement. In a brief *per curiam* opinion the Supreme Court reversed the defendant's subsequent felony conviction, relying on the reasons stated in the concurring opinions. Since the defendant's subsequent conviction is not at issue in the present case, *Baldasar* is not controlling.

The right of an indigent defendant to have appointed counsel when charged with a misdemeanor is not absolute. In *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, the Supreme Court extended the right of counsel to misdemeanor proceedings where the accused is sentenced to a period of confinement. The court held "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006, 2012.) Thus, under *Argersinger*, a judge could properly decline to appoint counsel if he determined that the defendant would not be confined if convicted. As the court stated:

"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts." 407 U.S. 25, 40, 32 L. Ed. 2d 530, 540, 92 S. Ct. 2006, 2014.

The *Argersinger* court expressly reserved ruling on whether a right to counsel would exist in a misdemeanor proceeding where loss of liberty was not involved. (407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006, 2012.) The court later addressed that issue in *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158. In *Scott*, the Supreme Court, in affirming this court, stated: "[W]e believe that the central premise of *Argersinger*— that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." 440 U.S. 367, 373, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162.

In the case at bar, defendant was initially sentenced to a one-year period of probation and not imprisonment. Therefore, under *Argersinger* and *Scott*, defendant did not have a constitutional right to appointed counsel when he pleaded guilty. In *Scott*, the Supreme Court adopted an actual-imprisonment test to determine when an indigent defendant's right to appointed counsel exists. Although the terms and conditions of a probation order do impinge upon the probationer's liberty to some degree, the level of restriction does not rise to the degree specified by the Supreme Court, which is actual imprisonment. We must presume, therefore, that the circuit court made a determination under *Argersinger* that defendant Lynn would not be incarcerated upon conviction. In so doing, the

court was not under a duty to advise defendant that if he could not afford an attorney one would be appointed for him.

In the instant case, the defendant does not question the propriety of the initial probation order. Rather, he claims that two valid convictions were retroactively invalidated by the imposition of a prison sentence following the revocation of his probation. We cannot agree with the defendant's contention that his right to counsel was retroactively violated. A defendant's right to counsel must be capable of being ascertained at a given point in time. That point, as stated in *Argersinger*, is "before the trial starts" *(Argersinger v. Hamlin* (1972), 407 U.S. 25, 40, 32 L. Ed. 2d 530, 540, 92 S. Ct. 2006, 2014) or, in this case, before the defendant entered his plea. Had the defendant lived up to the terms and conditions of his probation, there would be no question as to the validity of the prior conviction. However, since the defendant violated the trust placed in him by the court, his probation was revoked and he was incarcerated. Although, under *Argersinger*, a judge may be able to predetermine whether or not he will sentence a defendant to confinement before the trial starts, it is quite another thing to require a judge to predict, with confidence, the future behavior of a defendant placed on probation.

We are mindful that resentencing, after probation has been revoked, is on the original conviction and not on the act which served as the basis of the violation. *(People v. DeWitt* (1979), 78 Ill. 2d 82, 86.) Thus, in the instant case, the jail sentence was imposed upon the battery convictions. Nonetheless, a conviction valid at the time it was entered, based on a sentence of probation, is not retroactively invalidated by the imposition of a jail term following the revocation of the defendant's probation. For the defendant knew, when he was sentenced to probation, that violation of its terms and conditions could end up in his confinement. In other words, when a defendant is placed on probation, it is

he alone who holds the keys to the prison gates during his probationary period. With this knowledge, the defendant committed two counts of deceptive practices. Following a petition to revoke probation, an evidentiary hearing was held. At that time counsel was provided for the defendant. Although the standard for revocation is proof by a preponderance of the evidence (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(c)), the record reveals that the court found defendant Lynn had violated his probation by proof beyond a reasonable doubt. It was only after this hearing that he was sentenced to 364 days. That sentence was not an enhanced penalty on a subsequent crime, but rather it was incident to the original probation order which was valid under *Scott*. Based on the record before us, we cannot say that this defendant's right to counsel has been violated.

Accordingly, the judgment of the appellate court is affirmed in respect to the revocation of defendant's probation. However, since the defendant has served his sentence, that portion of the appellate court judgment which remanded the case for further proceedings is vacated.

*Judgment affirmed in part*
*and vacated in part.*