*In re* S.L.C., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. S.L.C., Respondent-Appellant).

Third District   No. 3—85—0003

Opinion filed May 14, 1985.

Robert Agostinelli and Kenneth D. Brown, both of State Appellate Defender's Office, of Ottawa, for appellant.

Larry Vandersnick, State's Attorney, of Cambridge (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The respondent, S.L.C., appeals from the dispositional order entered by the circuit court committing him to the Illinois Department of Corrections (DOC), until he attains the age of 21 years. At the close of the dispositional hearing, the court orally ordered the respondent committed to the DOC for a period of only one year. However, the written order entered in the cause failed to include the one-year term, committing the respondent instead until he reached age 21.

The State acknowledges that the cause must be remanded so that the order may be amended. The State asserts, moreover, that a new dispositional hearing must be held because the trial court had no authority to order the respondent committed for a determinate period.

The issue before this court, then, is whether a trial court may commit a juvenile who has been adjudicated a ward of the court

to the DOC for a determinate period terminating prior to the juvenile's 21st birthday. This is a question of first impression in Illinois. We find that the trial court had the authority to commit the respondent for a determinate one-year term.

Commitment of juveniles to the DOC is governed by section 5—10 of the Juvenile Court Act (hereafter the Act) (Ill. Rev. Stat. 1983, ch. 37, par. 705—10). Section 5—10(1) provides, in pertinent part, that when a juvenile has been adjudged a delinquent and a ward of the court under the Act, the court may commit him to the DOC if it is necessary to insure the protection of the public. No term of commitment is mandated by the language of section 5—10.

Section 5—10 applies to juveniles adjudicated delinquent and a ward of the court. At the time a juvenile is committed to the DOC, the DOC becomes custodian or guardian of the juvenile. (Ill. Rev. Stat. 1983, ch. 37, par. 705—7(f)(3).) The duration of wardship is governed by section 5—11 of the Act. (Ill. Rev. Stat. 1983, ch. 37, par. 705—11.) Section 5—11 provides:

"Duration of Wardship and Discharge of Proceedings. (1) All proceedings under this Act in respect of any minor automatically terminate upon his attaining the age of 21 years.

(2) Whenever the court finds that the best interests of the minor and the public no longer require the wardship of the court, the court shall order the wardship terminated and all proceedings under this Act respecting that minor finally closed and discharged. The court may at the same time continue or terminate any custodianship or guardianship theretofore ordered but such termination must be made in compliance with Section 5—8.

(3) The wardship of the minor and any custodianship or guardianship respecting him under this Act automatically terminates when he attains the age of 21 years." Ill. Rev. Stat. 1983, ch. 37, par. 705—11.

The State argues that for "a determinate term of commitment to be permissible under the Juvenile Court Act, a finding of commitment under paragraph 705—10(1) would have to be reconcilable with a simultaneous finding under 705—11(2) that the best interests of the minor and public no longer require the wardship of the court over the minor. This is not possible."

We find no merit in the State's argument. The custodianship of the DOC and the wardship of the court are distinct legal duties. A delinquent juvenile may be simultaneously a ward of the court and in the custody of the DOC. This is evidenced by the fact that the DOC's

custodianship of a delinquent ward of the court may be terminated prior to the termination of wardship. Ill. Rev. Stat. 1983, ch. 37, par. 705—8.

■ We find no inherent conflict between sections 5—10 and 5—11 on the facts of the case at bar. If a trial court may terminate the DOC's custodianship prior to the time the juvenile turns 21, the court may provide at the time of disposition for a determinate termination of custodianship. The trial court in the instant case did so. The end result is that upon the expiration of the one-year term of commitment, the DOC's guardianship is terminated, but the juvenile's status as a ward of the court continues until terminated by the court or the juvenile attains the age of 21. (Ill. Rev. Stat. 1983, ch. 37, par. 705—11(2).) Thus, at the time the term of commitment expires, the trial court will be required to re-award the custodianship of the respondent for the duration of his wardship.

Accordingly, the judgment of the circuit court of Henry County is reversed to the extent that it commits the respondent to the Illinois Department of Corrections for an indeterminate period; the remainder of the judgment is affirmed and the cause is remanded for entry of the appropriate dispositional order consistent with this opinion.

Affirmed in part, reversed in part and remanded.

SCOTT and WOMBACHER, JJ., concur.