(No. 62031.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. S.L.C., a Minor, Appellee.

*Opinion filed October 17, 1986.—Rehearing denied December 1, 1986.*

Neil F. Hartigan, Attorney General, of Springfield, and Larry Vandersnick, State's Attorney, of Cambridge (John X. Breslin and John M. Wood, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Kenneth D. Brown, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

Neil F. Hartigan, Attorney General, of Springfield, and Larry Vandersnick, State's Attorney, of Cambridge (Jill Wine-Banks, Solicitor General, Kathryn A. Spalding, Assistant Attorney General, of Chicago, and John X. Breslin and Kenneth R. Boyle, of the Office of the State's Attorneys' Appellate Prosecutor, of Ottawa, of counsel), for *amici curiae* Illinois Department of Corrections and Illinois Prisoner Review Board.

JUSTICE RYAN delivered the opinion of the court:

During an adjudicatory hearing conducted in the circuit court of Bureau County, the respondent, S.L.C., a minor, admitted to having committed the offenses of burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a)), felony theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(d)(1)), and misdemeanor theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a)(1)). He was found to be a delinquent and was adjudged a ward of the court. A dispositional hearing was subsequently held in Henry County, the county in which the minor resided. (Ill. Rev. Stat. 1983, ch. 37,

par. 702—6.) At that hearing the trial judge orally committed the minor to the Illinois Department of Corrections (Department), Juvenile Division, for a period of one year. However, the written dispositional order, entered the same day, did not limit the minor's commitment to one year. Instead, it simply committed the minor to the Department.

The minor appealed to the appellate court and requested that the cause be remanded for correction of the dispositional (commitment) order to accurately reflect the trial judge's oral pronouncement committing him to a limited term of one year. The State, while agreeing that the cause should be remanded, argued that a new dispositional hearing should be held at which the trial judge should consider all alternative dispositions. The appellate court framed the issue before it as "whether a trial court may commit a juvenile who has been adjudicated a ward of the court to the [Department] for a determinate period terminating prior to the juvenile's 21st birthday." (133 Ill. App. 3d 230, 230-31.) Finding that the trial court in this cause had the authority to commit the minor to a determinate one-year term (133 App. 3d 230, 231), it reversed the judgment of the trial court to the extent that it committed the minor to the Department for an indeterminate period, affirmed the remainder of the judgment and remanded the cause "for entry of the appropriate dispositional order consistent with th[e] opinion." 133 Ill. App. 3d 230, 232.

The opinion of the appellate court was filed on May 14, 1985. No petition for rehearing was filed by the State. On May 31, 1985, prior to the issuance of the appellate court's mandate, the State filed an affidavit stating that it in good faith intended to seek review by this court. Pursuant to our Rule 368 (87 Ill. R. 368(b)), the affidavit automatically stayed issuance of the mandate. The State timely filed a petition for leave to appeal on

June 18, 1985, which served to extend the effect of the stay until disposition of the cause by this court. (87 Ill. 2d R. 368(b).) We allowed the State's petition (87 Ill. 2d Rules 315(a), 612(b), 660(a)) and granted the Department of Corrections and the Prisoner Review Board leave to file a brief as *amici curiae*. We now affirm.

We relate the above sequence of events because on May 17, 1985, prior to issuance of the appellate court's mandate and prior to the automatic stay of the mandate, the trial judge entered an amended written dispositional order which committed the minor to the Department "for a period of One (1) Year." Pursuant to the amended dispositional order, the Department released the minor on parole to his mother on September 6, 1985. On December 13, 1985, six days before the minor's one-year term of commitment was to expire, an agreed order between the State and the minor's attorney was entered by the trial judge. The order provided that the minor should "remain under the supervision" of the Department pending hearing by this court regarding the status of the original dispositional (commitment) order of December 18, 1984.

On the day prior to oral argument in this court, the State filed a status report detailing the above change in circumstances that had developed subsequent to the date on which the appellate court's opinion was filed. The State now argues that the appeal has not been rendered moot by the minor's release on parole and the expiration of his one-year term of commitment because the agreed order continues the Department's jurisdiction over the minor and thus subjects him to recommitment if he violates the terms of his release agreement. Alternatively, the State maintains that if the appeal has been rendered moot, we should nonetheless reach a decision on the merits under the public-interest exception to the mootness doctrine. (See *People ex rel. Wallace v. Labrenz*

(1952), 411 Ill. 618, 622.) The minor filed a response to the State's status report in which he argues that the agreed order does not continue the Department's custodianship over him, but only authorizes the Department's "supervision" of him. According to the response, since the minor's limited one-year commitment has expired, and he has been released from the Department, the minor is no longer subject to recommitment.

We find that the appeal in the case at bar is not moot. We therefore need not address the State's alternative argument that the public-interest exception to the mootness doctrine is applicable.

It has often been stated that when a court of review has notice of facts which show that only moot questions or mere abstract propositions are involved, it will dismiss the appeal. (*People v. Lynn* (1984), 102 Ill. 2d 267, 272; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379; *People v. Redlich* (1949), 402 Ill. 270, 279.) "A question is said to be moot when no actual controversy exists or where events occur which render it impossible for the court to grant effectual relief. [Citations.] *** [W]hen an opinion, on a question of law, will not affect the parties before it, the court should refrain from deciding the question merely for the sake of setting a precedent to govern potential future cases. [Citations.]" (*People v. Lynn* (1984), 102 Ill. 2d 267, 272.) Thus, where the only relief sought is to vacate a sentence, the question of the validity of its imposition becomes moot when the sentence has been served. *People v. Murrell* (1975), 60 Ill. 2d 287, 294; *In re Napier* (1980), 83 Ill. App. 3d 503, 505.

In *In re Napier* (1980), 83 Ill. App. 3d 503, the respondent minor was found by the trial court to be a delinquent. He was adjudged a ward of the court and committed to the Department. On appeal, the minor challenged only the correctness of his commitment, not

the adjudication of delinquency. The State argued that because the minor had been released on parole the appeal should have been dismissed as moot. The appellate court held that the cause was not moot since the minor's release was conditional. (83 Ill. App. 3d 503, 506.) As a juvenile committed to the Department his parole period extended until age 21 unless terminated sooner by the Prisoner Review Board. (Ill. Rev. Stat. 1977, ch. 38, pars. 1003—3—8(a), (b).) Since there was no indication in the record that the Board had terminated the minor's parole, he was subject to revocation of parole and recommitment until the age of 21 if he violated a condition of his parole. Thus, it could not be said that the minor had served his sentence.

In *People v. Correa* (1985), 108 Ill. 2d 541, the defendant filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*) seeking to set aside guilty pleas which he alleged were not voluntary. The State argued that the defendant was not entitled to relief under the Act because he was not, at the time the petition was filed, imprisoned in the penitentiary as required by the Act but had served his sentence and been released. On appeal, this court held that the defendant was entitled to seek relief under the Act (108 Ill. 2d 541, 546-47) because at the time the petition was filed he was serving a period of mandatory supervised release as part of his sentence. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(d).) As a person on mandatory supervised release the Department retained custody and supervision of him. (Ill. Rev. Stat. 1979, ch. 38, 1003—14—2(a).) He could also be taken into custody for a violation of the conditions of his release. (Ill. Rev. Stat. 1979, ch. 38, par. 1003—14—2(c).) "Thus at the time the defendant filed his petition for relief under the Act, he had not served his sentence and was still subject to being confined as a result of his conviction." *People v. Cor-*

*rea* (1985), 108 Ill. 2d 541, 546.

In the case at bar, the minor's sole contention before the appellate court was that the trial court, by omitting the one-year limitation in the written dispositional order, had in effect increased his sentence to an indefinite term which could last until he attained the age of 21. He maintained that this result was clearly not intended by the trial court and was contrary to section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)), which prohibits a judge from increasing a sentence once it is imposed. In essence, the minor questioned the validity of his commitment under the written dispositional order. The appeal is not moot, however, because it cannot be said that the minor has served his sentence.

On December 13, 1985, when the agreed order was entered the trial court and the parties were well aware that the minor was on parole and that under the oral dispositional order the minor's one-year term of commitment to the Department would expire only days later, on December 19, 1985. The order specifically provides that the minor should "remain under the supervision" of the Department. The word "remain" implies that at the time the order was entered there was a legal relationship between the Department and the minor. As previously noted, section 3—14—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1003—14—2(a)) states that the Department shall retain custody of all persons on parole and shall supervise them during their parole period. Thus, although the agreed order uses the word "supervision," since the minor was on parole, the Department retained custody and supervision of him. In effect, the agreed order continued the above status of the Department in relationship to the minor.

Moreover, the change in circumstances that has occurred since the opinion of the appellate court was filed

does not make it impossible for this court to grant effectual relief. If we were to hold that the trial court did not have authority under the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 701—1 *et seq.*) to impose a determinate term of commitment and were to remand the cause to the trial court to conduct a new dispositional hearing, effectual relief could be granted the State. In contrast, if we were to hold that the trial court did have authority to impose a one-year term of commitment and were to remand the cause for entry of the appropriate dispositional order consistent with the opinion of this court and the appellate court, thus ending the Department's "supervision" of the minor, effectual relief could be granted the minor. *Cf. George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70 (appeal by a frustrated bidder on a public construction project was dismissed as moot because the project had been completed and the equitable relief sought—an order directing that the contract be awarded the frustrated bidder—could not be granted).

Having found that this appeal is not moot, we now consider the principal issue in this case, whether the trial court had authority to commit the minor to the Department for a period of one year, that is, a determinate period. Section 5—10 of the Juvenile Court Act (Act) governs commitment to the Department. The following portions are pertinent to this appeal.

"(1) When any delinquent has been adjudged a ward of the court under this Act, the court may commit him to the Department of Corrections if it finds that (a) his parents, guardian or legal custodian are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor, or are unwilling to do so, and the best interests of the minor and the public will not be served by placement under Section 5—7; or (b) it is necessary to insure the protection of the public from the consequences of criminal activity of

the delinquent.

(2) When the court commits a minor to the Department of Corrections, it *** shall appoint the Assistant Director of Corrections, Juvenile Division, legal custodian of the minor. ***

*** 

(4) Whenever the Department of Corrections lawfully discharges from its custody and control a minor committed to it, the Assistant Director of Corrections, Juvenile Division, shall petition the court for an order terminating his custodianship. The custodianship shall terminate automatically 30 days after receipt of the petition unless the court orders otherwise." (Ill. Rev. Stat. 1983, ch. 37, par. 705—10.)

Section 5—11 governs the duration of wardship and discharge of proceedings. It provides:

"(1) All proceedings under this Act in respect of any minor automatically terminate upon his attaining the age of 21 years.

(2) Whenever the court finds that the best interests of the minor and the public no longer require the wardship of the court, the court shall order the wardship terminated and all proceedings under this Act respecting that minor finally closed and discharged. The court may at the same time continue or terminate any custodianship or guardianship theretofore ordered but such termination must be made in compliance with Section 5—8.

(3) The wardship of the minor and any custodianship or guardianship respecting him under this Act automatically terminates when he attains the age of 21 years. The clerk of the court shall at that time record all proceedings under this Act as finally closed and discharged for that reason." (Ill. Rev. Stat. 1983, ch. 37, par. 705—11.)

In the present case, the trial court made the requisite finding under subsection (1) of section 5—10 (Ill. Rev. Stat. 1983, ch. 37, par. 705—10(1)) and committed the minor to the Department. In addition, the written dispositional order appointed the Director of Corrections, Juvenile Division (rather than the Assistant Director), legal

custodian of the minor and placed the minor under the guardianship of his mother.

The minor argues that section 5—10 neither mandates a specific length of commitment nor expressly precludes imposition of a limited period of commitment ending before a minor attains the age of 21. Thus, the minor argues, it is within the trial judge's inherent power to commit a minor for a limited period. In addition, he maintains that the Act does not grant the Department sole and absolute authority to determine when a minor's period of commitment will end short of his attaining the age of 21. Rather, he contends, it is within the trial judge's discretion when to terminate the Department's custodianship of a minor. See Ill. Rev. Stat. 1983, ch. 37, pars. 705—8, 705—11(2).

The appellate court indicated that although a delinquent minor may simultaneously be a ward of the court and in the custody of the Department, the custodianship of the Department and the wardship of the court are distinct legal relationships. (133 Ill. App. 3d 230, 231.) This, it stated, is evidenced by the fact that under section 5—8 (Ill. Rev. Stat. 1983, ch. 37, par. 705—8(3)) the Department's custodianship of a minor may be terminated prior to the termination of the wardship. (133 Ill. App. 3d 230, 231-32.) The appellate court found that there was no conflict between sections 5—10 and 5—11 when applied to the facts of the present case. It stated, "If a trial court may terminate the [Department's] custodianship prior to the time the juvenile turns 21, the court may provide at the time of disposition for a determinate termination of custodianship. The trial court in the instant case did so. The end result is that upon the expiration of the one-year term of commitment, the [Department's] guardianship [custodianship] is terminated, but the juvenile's status as a ward of the court continues until terminated by the court or the juvenile attains the age of 21.

(Ill. Rev. Stat. 1983, ch. 37, par. 705—11(2).) Thus, at the time the term of commitment expires, the trial court will be required to reaward the custodianship of the respondent [minor] for the duration of his wardship." 133 Ill. App. 3d 230, 232.

We agree with the appellate court's rationale and hold that the trial court had authority to commit the minor to the Department for a period of one year. The Juvenile Court Act does not expressly require the trial court, if it plans to commit a delinquent minor to the Department, to do so for an indefinite term. Nor does the Act expressly prohibit the trial court from committing a delinquent minor to the Department for a definite term. Nowhere does it grant sole authority to the Department to determine whether its custodianship will terminate before a minor attains the age of 21. Indeed, sections 5—8 and 5—11 provide methods, outside the authority of the Department, for termination of its custodianship. Under section 5—8 (Ill. Rev. Stat. 1983, ch. 37, par. 705—8(3)), the minor or any interested person may apply to the court for a change in custody and the appointment of a new custodian or guardian or for the restoration of the minor to the custody of his parents or former guardian or custodian. Section 5—11 (Ill. Rev. Stat. 1983, ch. 37, par. 705—11(2)) allows the trial court to order the wardship of the court terminated and then, for example, terminate the custodianship of the Department and restore the minor to the custody of his parents or former guardian or custodian. We need not decide on the facts in this case whether the trial court could terminate the wardship of the court and at the same time continue the custodianship of the Department, and we therefore express no opinion on that issue.

The State is correct in noting that adjudication of wardship is a prerequisite to commitment of a minor to the Department. However, it incorrectly maintains that

under section 5—11(2) termination of wardship is a prerequisite to termination of the Department's custodianship of a minor. Section 5—11 does not so provide, and such a construction would unnecessarily cause it to conflict with section 5—8.

The *amici curiae* argue that commitment of a delinquent minor to the Department for a determinate term impedes their ability to fulfill the purpose of the Juvenile Court Act—that of rehabilitation—and substitutes the principle of incarceration for rehabilitation. However, whether a trial judge is in a better, worse, or equal position to the Department to determine when a minor will be rehabilitated or has been rehabilitated and to determine if, and at what time, the Department's custodianship should terminate prior to a minor's attaining the age of 21 are not questions for this court. Those questions involve policy considerations presumably debated and weighed by the legislature when it enacted the Juvenile Court Act, which, as noted above, does not expressly prohibit determinate terms of commitment. Finally, although the *amici curiae* question whether a delinquent minor committed to the Department for a determinate term is eligible for parole and whether he is entitled to good-conduct credit, we need not decide those questions on the facts of this case and express no opinion on them.

For the foregoing reasons, the judgment of the appellate court is affirmed. The amended disposition order entered by the trial court on May 17, 1985, prior to the issuance of the mandate, is vacated.

*Judgment affirmed;*
*order vacated; cause remanded.*