THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY MAXWELL, Defendant-Appellant.

Fifth District   No. 5—87—0076

Opinion filed April 12, 1988.

Robert L. Douglas and Fred W. Johnson, both of Law Offices of Robert L. Douglas, Ltd:, of Robinson, for appellant.

Jon C. Anderson, State's Attorney, of Robinson, and Charles E. Petersen, of St. Charles (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

On October 20, 1986, defendant, Gary Maxwell, pleaded guilty to the charge of unlawful delivery of a controlled substance in violation of section 401(b)(2) of the Controlled Substances Act (the Act) (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2)). In determining the sentence, the circuit court of Crawford County relied on three mitigating factors of section 5—5—3.1(a) of the Unified Code of Corrections (the Code): (1) "[t]he defendant has no history of prior delinquency or criminal activity or [he] has led a law-abiding life for a substantial period before the commission of the present crime"; (2) "the defendant's criminal conduct was the result of circumstances unlikely to recur"; and (3) "the defendant is particularly likely to comply with the terms of a period of probation." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a).) The trial court considered three aggravating factors prescribed by section 5—5—3.2(a) of the Code: (1) "the defendant's conduct caused or threatened serious harm"; (2) "the defendant received compensation for committing the offense"; and (3) "the sentence is necessary to deter others from committing the same crime." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a).) On November 18, 1986, the circuit judge sentenced defendant to four years' imprisonment. Defendant appeals, contending that he is entitled to a new sentencing hearing because: (1) the trial court improperly weighed the aggravating factor of defendant's infliction of or attempt to inflict serious bodily harm; and (2) the sentence was disproportionately harsh because Jason Bousquet, the codefendant, received a sentence for the same term of imprisonment as defendant but was "more culpable" and had a history of prior criminal activity, unstable employment and drug problems.

Defendant and Jason Bousquet met about two years before the trial and established an informal social relationship. Seven months after meeting defendant, Bousquet lost his job and subsequently borrowed money from defendant for rent, utilities, and miscellaneous expenses. Defendant lent Bousquet a total of $500 and received as security two air conditioners, a television, some kitchen floor tile, and a wedding ring.

Bousquet did not contact defendant for a year after borrowing the money. After a year had passed, Bousquet called defendant and offered to pay the debt with the proceeds of a cocaine deal. Bousquet asked defendant if defendant knew of anyone who could sell cocaine in large quantities. Defendant mentioned a friend in Crawford County named Michael Kirts.

Defendant called Kirts and asked if Kirts could supply the cocaine. Kirts told defendant in a subsequent conversation that he could easily supply two ounces of the drug. Defendant arranged the deal so that Kirts would deliver the cocaine to defendant, defendant would deliver it to Bousquet, Bousquet would sell it to a prearranged buyer, Bousquet would give the proceeds to defendant, and defendant would return to Kirts with the money.

Kirts picked defendant up on May 19, 1986, in a car driven by David Yager. David Yager stopped on the way to Bousquet's home in Oblong, Illinois, to pick up Scott Yager. Defendant, Michael Kirts, David Yager and Scott Yager then drove to Bousquet's residence. Defendant brought the cocaine into the home and handed it to Bousquet, who carried it upstairs and weighed it. About 10:30 that evening the buyer of the cocaine arrived at Bousquet's home. Bousquet took the buyer into the garage and handed him the brown bag containing the cocaine. Bousquet thought the buyer appeared nervous, and he threatened to turn his dog loose on him. At that moment a car sped up the driveway in front of Bousquet's garage, and as Bousquet turned to look, the buyer put a pistol behind Bousquet's head, declared that he was a special agent from the Department of Criminal Investigation, and ordered Bousquet back into the house. The special agent placed Bousquet, defendant, and three others under arrest.

On September 9, 1986, Bousquet pleaded guilty to unlawful delivery of a controlled substance in violation of section 401(b)(2) of the Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2)), and the circuit court of Crawford County sentenced him to four years' imprisonment. On October 20, 1986, defendant pleaded guilty to the same charge, and the court sentenced him at a hearing on November 18, 1986, to four years' imprisonment.

Defendant appeals, contending that he is entitled to a new hearing on sentencing because the trial court abused its discretion in considering an improper aggravating factor in weighing the term of imprisonment. Defendant also contends that the sentence was disproportionately harsh because Jason Bousquet, the codefendant, received a sentence for the same term of imprisonment as defendant but was "more culpable" and had a history of prior criminal activity, unstable employment and drug problems.

The Illinois Supreme Court in *People v. Martin* (1988), 119 Ill. 2d 453, recently determined the circumstances under which a trial court's weighing of an improper factor in aggravation entitles the defendant to a new hearing on sentencing. The court found that the consideration of an improper factor in aggravation clearly affects the

defendant's fundamental right to liberty, and a court of review must remand for resentencing a cause when an improperly considered aggravating factor is included except in circumstances where the factor is an insignificant element of the defendant's sentence. *People v. Martin* (1988), 119 Ill. 2d 453, 458.

■ The trial court's consideration of the factor that defendant inflicted or attempted to inflict serious bodily injury to another person is clearly improper considering all the evidence introduced at trial. Section 5—5—3.2(a)(1) of the Code indicates that some actual or threatened serious harm must have occurred before the court may consider this aggravating factor. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(1).) The State admits that "the facts do not indicate that the [d]efendant did, directly, attempt to inflict bodily injury," but attempts to characterize the trial court's consideration of this aggravating factor as a proper method of incorporating into defendant's sentence an element implicit in the delivery of cocaine. The State contends that the trial court can consider this factor in defendant's sentence because the legislature intended to harshly penalize the delivery of controlled substances.

This factor cannot be considered, however, precisely because the issue of widespread harm from the use of cocaine is implicit in the crime of delivery. It is reasonable to conclude that the legislature weighed this implicit element of harm from the offense when it classified the crime as a Class 1 felony under section 401(b)(2) of the Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2)), for which the penalty under section 5—8—1(a)(4) of the Code is from 4 to 15 years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(4)), and it is improper for the trial court to consider this factor again in aggravation of the sentence of imprisonment. (See *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906; *People v. Martin* (1988), 119 Ill. 2d 453.) In its argument for an aggravation of defendant's sentence under section 5—5—3.2(a)(1) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(1)), the State did not present any evidence and admits that defendant did not directly harm or attempt to harm another person. The trial court's consideration of section 5—5—3.2(a)(1) of the Code is thus clearly improper, and the cause must be remanded for a new sentencing hearing unless the factor was an insignificant determinant of defendant's sentence.

■ The trial judge at the sentencing hearing placed considerable emphasis on the factor of defendant's infliction or threat to inflict harm upon another. The judge stated before passing sentence:

"The State's Attorney pointed out that while it might be said

> that this conduct that didn't cause or threaten serious physical harm to another in the sense of attacking somebody with a knife or a gun—and perhaps he didn't contemplate that his criminal conduct would cause or threaten such physical harm—it is certainly an area which could cause very, very serious physical harm or even death as the State's Attorney pointed out in the cases of the well-known athletes we've heard about recently, Bias and Rogers. *** [I]n aggravation, as I pointed out, what Gary Maxwell was involved in does cause very serious harm to many people. *** And it's part of an operation that is very detrimental to society, not only the deaths and physical harm that are caused, but it creates other crimes, and so I consider it very serious."

Further, the trial judge indicated in his written judgment sentencing defendant that one factor in aggravation was that "[t]he defendant inflicted or attempted to inflict serious bodily injury to another person." In view of these comments, we cannot say that the trial judge considered this aggravating factor as an insignificant element in defendant's sentence. It cannot be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence.

The State argues that the consideration of this factor by the trial court is insignificant because the trial judge sentenced defendant to the statutory minimum of four years' imprisonment for a Class 1 felony under section 5—8—1(a)(4) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(4)). However, section 5—5—3(b)(1) of the Code provides that a period of probation is an appropriate disposition for all felonies other than those identified under section 5—5—3(c) of the Code. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(b)(1).) The only mention section 5—5—3(c) of the Code makes of Class 1 felony violations of the Controlled Substances Act is section 5—5—3(c)(2)(D), which precludes probation for persons convicted under section 407 of the Act, prohibiting the sale or delivery of controlled substances to persons under the age of 18 or to persons on school property (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(2)(D); ch. 56½, par. 1407). The consideration of the improper factor in aggravation thus may have been significant because the trial court could have placed defendant on probation for this offense, but sentenced defendant to four years' imprisonment. Having determined that the trial court considered an improper factor in aggravation, and being unable to determine the weight given to the improperly considered factor, the cause must be remanded for resentencing. (*People v. Bourke* (1983), 96 Ill. 2d 327,

332, 449 N.E.2d 1338, 1340.) We thus vacate the sentence of the circuit court and remand this cause for resentencing of the defendant.

We need not address the issue of disparity in sentencing as the vacating of defendant's sentence is dispositive of this appeal.

Sentence vacated, cause remanded for a new hearing on sentencing.

WELCH and KARNS, JJ., concur.