*In re* D.G., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. D.G., Respondent-Appellant).

Second District   No. 2—87—0230

Opinion filed November 29, 1988.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Michael J. Pelletier and Elizabeth E. Clarke, both of State Appellate Defender's Office, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

D.G., a minor, was the subject of a delinquency petition, filed on January 26, 1987, alleging that she was abused and neglected. The petition was amended to add the allegation that she was delinquent, based upon the act of theft over $300. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1).) At a hearing on January 26, 1987, the decision was made to detain the minor in the youth home. On January 29, 1987, she entered an admission to the charge of theft. The dispositional hearing was held on February 24, 1987. The court ordered the minor placed on probation for 18 months, with placement in an inpatient drug treatment program. The court further imposed a term of 30 days in the youth home and provided that she should be released as soon as she could be placed in a drug program. In the event placement could not be found by the end of 30 days, she was to be released from custody.

In light of our resolution of this appeal, we need not discuss the

lengthy history of D.G.'s compulsive drug abuse, thefts or family conflicts.

The sole issue presented for review is whether the 30-day jail term imposed as part of the dispositional order was appropriate since the minor, D.G., had already spent 30 days in detention.

The minor claims that the court erred only in ordering the 30-day detention. The State argues that, since the minor has already served the period of detention, the appeal is moot. We agree.

■ Where the only relief sought is to vacate a sentence, not a conviction, the issue is moot when the sentence has been served. *People v. S.L.C.* (1986), 115 Ill. 2d 33, 39; *People v. Murrell* (1975), 60 Ill. 2d 287, 294; *In re Napier* (1980), 83 Ill. App. 3d 503, 505.

■ In response, the minor cites *In re Sciara* (1974), 21 Ill. App. 3d 889, and argues that cases such as this, which would normally be viewed as moot given the expiration of the sentence, fall into the collateral consequence exception to the mootness rule given the potential future impact of the mere record of such a term of imprisonment. *In re Sciara* (1974), 21 Ill. App. 3d 889.

■ *Sciara* is readily distinguishable as a mental health case based on an involuntary commitment that had already expired and as an issue that was likely to arise again due to the chronic nature of the respondent's mental health problems. (21 Ill. App. 3d at 893-95.) Mental commitment orders are a general exception to the mootness doctrine. *In re Phillips* (1978), 62 Ill. App. 3d 408, 411.

■ We can find no potential collateral consequences in the instant case. The trial judge carefully pointed out that the order was not intended as punishment. She was to be placed in an inpatient drug program and held only until that could be done, but in no event could they hold her longer than 30 days. She was to be transported from custody to the program. The judge's decision was based on the record, including a comprehensive juvenile social history report. The reasonable short term of detention can, in our opinion, have no collateral consequences that would warrant consideration of an otherwise moot appeal.

The case is moot, and this appeal from the circuit court of Du Page County is therefore dismissed. See *In re Wathan* (1982), 104 Ill. App. 3d 64, 66.

Dismissed.

UNVERZAGT and DUNN, JJ., concur.