THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD LEE CISCO, Defendant-Appellant.

Fourth District   No. 4—90—0071

Opinion filed September 6, 1990.

634

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

After a bench trial, defendant was convicted of criminal trespass to a residence, a Class A misdemeanor. (Ill. Rev. Stat. 1989, ch. 38, par. 19—4.) He was sentenced to a term of 140 days' incarceration, with credit for time served. Defendant appeals, arguing the trial court erred at sentencing by considering, in aggravation, that defendant's conduct threatened serious harm, a factor inherent in the charged offense.

Initially, we note the State filed a motion to dismiss this appeal on the basis of mootness, since the relief requested is vacatur of the sentence imposed and remand for a new sentencing hearing, and the sentence has been served. (*People v. Murrell* (1975), 60 Ill. 2d 287, 294, 326 N.E.2d 762, 766; *In re D.G.* (1988), 176 Ill. App. 3d 658, 660, 531 N.E.2d 426, 426-27.) This motion was denied and the State has renewed its mootness argument by brief. The courts have recognized

an exception to the mootness doctrine, *i.e.*, the public interest exception, when (1) the circumstances are likely to recur, (2) an authoritative determination for the future guidance of public officers is desirable, and (3) the short duration of the action would otherwise render the matter nugatory before the issue could be reviewed. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622, 104 N.E.2d 769, 772; *In re N.R.* (1988), 172 Ill. App. 3d 14, 15, 525 N.E.2d 1193, 1194.) Defendant herein was sentenced on December 21, 1989, so the 140-day sentence has run. However, as this is a Class A misdemeanor, it falls within that group of cases wherein sentencing issues are likely to elude review; and the manner and circumstances under which the threat of harm was considered in sentencing for this offense is a problem likely to recur. Accordingly, we elect to consider this case within the public interest exception and proceed to its merits.

The facts as adduced at trial may be briefly summarized. The complaining witness lived in a house in Heyworth, Illinois, with her daughter. She and her daughter were up watching television during the early morning hours of November 11, 1989. A male friend had come over to join them at about 1:30 a.m. All the lights in the house were on. At about 2:45 a.m., the complainant heard several noises, *i.e.*, squeaks, coming from the back of her house and got up and went to investigate. Walking back through her kitchen after checking her daughter's room, she felt a cold breeze hit her knee and looked toward the back door, 10 to 15 feet away. The door, which had been left unlocked, "was opened with a head sticking through it." She walked to the door and had her hand on the knob to pull it open when the person who was entering pulled it shut. She then opened the door to get a better look at the intruder and started screaming. She identified defendant as the person who had opened the door and stuck his head into her house. Police were summoned, and she told them Ronnie Cisco had been in her doorway, wearing a dark-colored leather jacket and jeans.

Defendant lived with his parents in a trailer in a trailer park adjacent to complainant's residence. Officers went to the trailer, where they found defendant in his underwear on a cot in the living room. They asked him to dress and come outside, and he put on jeans and a dark-colored leather jacket. The officers took defendant to complainant's residence in the back of a squad car and asked her if she could identify him, which she did.

At trial, defendant presented the testimony of his father, who said defendant came in at 11:15 p.m. and left again, awakening him when he returned, estimating the time as between 1:30 and 2 a.m. Defendant's younger brother testified defendant came in between 10:30 and

10:45 p.m. and went back out, but was in bed, appearing to be sound asleep, when he got up at 3:10 a.m. to use the restroom. A 16-year-old boy testified defendant went with him and some other friends to a youth group, like a Christian rock concert, and got back about 10:30 p.m., when defendant went with him to a trestle in the neighborhood and sat and talked until about 1:30 a.m. He said he saw defendant walk up and open the door to his trailer. On this evidence, the defendant was convicted.

At the sentencing hearing, the State presented, as evidence in aggravation, that defendant had a prior conviction for a residential burglary in May 1982, for which he had been sentenced to eight years' imprisonment, and he was presently on a parole hold. Defense counsel argued there were several mitigating factors within the meaning of section 5—5—3.1 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.1), specifically: (1) "the defendant's criminal contact neither caused nor threatened serious physical harm to another, and I would maintain that the actions described in this cause of action would fit within that first paragraph" (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.1(a)(1)); and (2) while in prison, defendant had made efforts to improve himself by earning a GED and a sanitation license and, after his release, had obtained a job and was involved in church activities for the month before this offense occurred. The State then recommended a sentence of six months in jail, defense counsel argued for 21 days' incarceration, and defendant exercised his right of allocution and asked for leniency.

In pronouncing sentencing, the court looked, first, to the defendant's prior record and said failure to impose some sort of jail penalty would seem to deprecate the seriousness of the offense. The judge then stated:

"[The Court:] So this Court finds based upon the circumstances, prior record, and *contrary to what defense counsel argues* that it was no particular threat to anybody, I think anytime that there is an effort to enter any residence, especially when there's [*sic*] people there, that it does put a threat not only to the people that may be there, but also to you if the reaction is such that—

DEFENDANT: Yes, sir.

THE COURT: —that perhaps they shoot you or something of that nature. It does create a threat. I mean, people don't go around at that hour of the morning and enter residences uninvited without presenting what I would believe a serious threat. So based upon that the Court finds that under the circum-

stances that there ought be a jail penalty imposed, and the Court is going to impose a penalty of 140 days' incarceration." (Emphasis added.)

Defendant relies on cases challenging the consideration that the defendant's conduct caused or threatened serious harm, a factor in aggravation under section 5—5—3.2(a)(1) of the Code (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(1)), including the decision of this court in *People v. Allen* (1981), 97 Ill. App. 3d 38, 39-40, 422 N.E.2d 254, 255 (burglary), and the decisions in *People v. Maxwell* (1988), 167 Ill. App. 3d 849, 852-53, 522 N.E.2d 288, 290-91 (unlawful delivery of a controlled substance), and *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906 (proceeds taken by a defendant cannot be considered as an aggravating factor in sentencing on burglary with intent to commit theft or on theft).

■ First, the court, in the comments to which defendant objects, was disagreeing with defense counsel's characterization of the facts of the offense as showing a mitigating factor under section 5—5—3.1(a)(1) of the Code, stating its reasoning for rejecting this as grounds to be accorded weight in favor of withholding or minimizing a sentence of imprisonment. Second, to the extent that the court referred to defendant's conduct as presenting a serious threat, it was addressing itself to the timing and circumstances of this particular conduct, permissible considerations in sentencing. *Allen* involved entry to an Aamco Transmission business at about 4 a.m. In reversing and remanding for resentencing, this court stated: "The situation is not like that in which the burglar engages in combat with the police, *enters an occupied dwelling* or other building, or has a confrontation with persons while in the building. For the aggravating factor to be applied properly, the risk of harm must be greater than that inherent in almost all burglaries." (Emphasis added.) (*Allen*, 97 Ill. App. 3d at 40, 422 N.E.2d at 255.) Here, the comments were directed to the manner in which this offense was accomplished. Neither did the prosecutor refer to the defendant's conduct as a factor in aggravation under section 5—5—3.2(a)(1), as in *People v. Martin* (1988), 119 Ill. 2d 453, 456, 519 N.E.2d 884, 885. Finally, it appears the comments were intended to emphasize upon the defendant, standing before the court with a prior burglary conviction, the serious consequences which might follow from entering the residences of others in the early morning hours. No error.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.