THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRAD LIEBERMAN, Defendant-Appellant.

First District (4th Division)    No. 1—01—3403

Opinion filed June 27, 2002.

Winston & Strawn, of Chicago (Kimball R. Anderson and Brian D. Ferge-mann, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers and Lisa Anne Hoffman, Assistant Attorneys General, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

On September 22, 1980, the defendant, Brad Lieberman, was found guilty of the offense of rape (Ill. Rev. Stat. 1979, ch. 38, par. 11—1(a)). At that time, rape was a Class X felony (Ill. Rev. Stat. 1979, ch. 38, par. 11—1(c)), the penalty for which was a determinate sentence of imprisonment of not less than 6 years and not more than 30 years (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3)). However, a defendant found guilty of a Class X felony was eligible for an extended-term sentence of not less than 30 years' imprisonment and not more than 60 years if the court found either that: (1) the defendant was convicted in Illinois of the same or greater class felony, within the previous 10 years, and such charges were separately brought and tried and arose out of a different series of acts; or (2) the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a)(2), 1005—5—3.2(b).

On October 3, 1980, prior to sentencing in the instant case, the defendant was found guilty of rape, robbery and intimidation in a case pending in the circuit court of Lake County (hereinafter referred to as the Lake County Case). On October 14, 1980, prior to sentencing in the Lake County Case, the defendant was sentenced in this case to an extended term of 50 years in prison. At the time of sentencing, the court cited the finding of guilty in the Lake County Case as the basis for the imposition of an extended-term sentence. The defendant appealed.

In an opinion issued on June 29, 1982, this court vacated the defendant's extended-term sentence and remanded the matter for a new sentencing hearing. *People v. Lieberman*, 107 Ill. App. 3d 949, 438 N.E.2d 516 (1982). In so doing, we reasoned that, because a sentence had not yet been imposed in the Lake County Case, the defendant did

not have a "conviction" in that case. *Lieberman*, 107 Ill. App. 3d at 959. Noting the absence of facts supporting a finding of exceptionally brutal or heinous behavior indicative of wanton cruelty, the only other factor which could have formed the basis for the imposition of an extended-term sentence (see Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)), we held that no basis existed for the defendant's 50-year extended-term sentence. *Lieberman*, 107 Ill. App. 3d at 959.

When this case came before the circuit court for resentencing on January 6, 1983, the State introduced a certified copy of the defendant's conviction in the Lake County Case which reflected that he had, by that time, been sentenced to 30 years' imprisonment. At the conclusion of the resentencing hearing, the circuit court, relying upon the defendant's conviction in the Lake County Case, sentenced him to an extended term of 40 years' imprisonment to run concurrently with the 30-year sentence that had been imposed in the Lake County Case. The defendant did not appeal from the resentencing.

On July 19, 2001, the defendant filed a petition pursuant to Section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)) styled as an "Emergency Petition For Relief From Final Judgment and Correction of Mittimus." In that petition, he requested that the court declare that portion of his sentence in excess of 30 years to be void and enter a corrected mittimus imposing a sentence of 30 years. On August 7, 2001, the State filed a motion to dismiss the petition, arguing that the defendant's sentence was not void and that his petition was untimely. The trial court granted the State's motion to dismiss on August 13, 2001. Thereafter, the defendant instituted this appeal.

Before addressing the substantive issues raised by the defendant, we will comment briefly on the State's argument that the defendant's petition was moot and, therefore, properly dismissed.

The State asserts that the defendant was released from the custody of the Illinois Department of Corrections on January 7, 2000, after having served 20 years of the 40-year sentence imposed in the instant case. It argues that, as the defendant has completed serving his sentence, any claim regarding the propriety of that sentence is moot.

■ A question is moot when no actual controversy exists or where events occur that render it impossible for the court to grant effectual relief. *People v. Lynn*, 102 Ill. 2d 267, 272, 464 N.E.2d 1031 (1984). "[W]here the only relief sought is to vacate a sentence, the question of the validity of its imposition becomes moot when the sentence has been served." *People v. S.L.C.*, 115 Ill. 2d 33, 39, 503 N.E.2d 228 (1986); see also *People v. Murrell*, 60 Ill. 2d 287, 294, 326 N.E.2d 762 (1975).

■ The defendant admits that he has completed the 40-year term of imprisonment imposed upon him by serving 20 years in prison. Nevertheless, he argues that his petition is not moot as he continues to be detained pursuant to a petition for commitment filed under the Sexually Violent Persons Commitment Act (Commitment Act) (725 ILCS 207/1 *et seq.* (West 1998)). The defendant contends that if he had been sentenced to the maximum of 30 years' imprisonment as a Class X offender, and not to an extended term of 40 years, he would have been released from prison no later than April 4, 1995, more than two years prior to the effective date of the Commitment Act and would not, therefore, be subject to continued detention pursuant to its terms. However, we need not determine the merit of the defendant's argument in this regard in order to find that his petition is not moot.

At all times relevant to this case, the Unified Code of Corrections provided that a Class X offender, such as the defendant, was subject to a three-year term of mandatory supervised release in addition to the term of imprisonment to which he was sentenced. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(d) (now 730 ILCS 5/5—8—1(d) (West 2000)). Nothing in the record before us suggests that the defendant has ever been discharged from that period of mandatory supervised release. Consequently, it appears that, when he filed his petition in this matter on July 19, 2001, the defendant was still subject to a period of mandatory supervised release and had not, therefore, served his sentence as the State contends. See *People v. Correa*, 108 Ill. 2d 541, 546-47, 485 N.E.2d 307 (1985). For this reason, we find the cases cited by the State in support of its mootness argument to be distinguishable. As a consequence, we decline to affirm the dismissal of the defendant's petition on the grounds of mootness and will address the propriety of the circuit court's order on the merits.

■ In urging reversal of the order dismissing his petition, the defendant argues that the extended term to which he was sentenced on remand was not authorized by statute and, therefore, the excess portion of the sentence above the statutory maximum of 30 years imprisonment for a Class X offense is void (see *People v. Pittman*, 316 Ill. App. 3d 245, 253, 736 N.E.2d 662 (2000)), and subject to attack at any time, either directly or collaterally (*People v. Wade*, 116 Ill. 2d 1, 5, 506 N.E.2d 954 (1987)). Simply put, the defendant contends that, at the time he was resentenced, the trial court was not authorized by statute to impose an extended-term sentence based upon a conviction which was not in existence at the time of his original sentencing. The State argues that the plain language of the statute supports the trial court's imposition of an extended term on resentencing. We agree with the State.

The statute in effect both at the time the defendant was originally sentenced and at the time of his resentencing provided that, "[w]hen a defendant *is convicted* of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts" (emphasis added) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1)), the defendant may be sentenced to an extended term. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a). At the pertinent time, section 5—1—5 of the Unified Code of Corrections defined the term "conviction" as follows:

> "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—5.

In *People v. Robinson*, 89 Ill. 2d 469, 477, 433 N.E.2d 674 (1982), our supreme court held that the date of a conviction is the date of the entry of a sentencing order. When this court vacated the defendant's original sentence, that sentence no longer existed. It was not until January 6, 1983, that a final sentence was pronounced upon the defendant in this case. Consequently, January 6, 1983, is the date of the defendant's conviction in this case (see *People v. Lemons*, 191 Ill. 2d 155, 159-60, 729 N.E.2d 489 (2000)), and it is as of that date that his eligibility for the imposition of an extended-term sentence must be determined.

It is undisputed that, by January 6, 1983, the defendant had been "previously convicted" of rape in the Lake County Case. He was, therefore, eligible for the imposition of an extended-term sentence. We conclude that the 40-year extended term sentence imposed upon the defendant was authorized by statute and is not void as he argues.

Having determined that the defendant's extended-term sentence is not void, we will address the State's argument that the petition he filed pursuant to section 2—1401 of the Code of Civil Procedure on July 19, 2001, was untimely.

■ Section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)) provides a statutory procedure for relief from final orders and judgments after 30 days from their entry. The remedial powers of this statute extend to criminal cases. *People v. Haynes*, 192 Ill. 2d 437, 460-61, 737 N.E.2d 169 (2000). However, a petition seeking relief under this statute "must be filed not later than 2 years after the entry of the order or judgment" from which relief is sought, except in certain circumstances not applicable to this case. 735 ILCS 5/2—1401(c) (West 2000).

The defendant's extended-term sentence was imposed on January 6, 1983. He filed his section 2—1401 petition on July 19, 2001. The petition was untimely and, therefore, properly dismissed by the trial court.

For the reasons stated, the order of the circuit court dismissing the defendant's petition is affirmed.

Affirmed.

HARTMAN and KARNEZIS, JJ., concur.