THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MAURICE ALLEN, Defendant-Appellant.

Fourth District    No. 16407

Opinion filed June 9, 1981.

Daniel D. Yuhas and James K. Zerkle, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On April 23, 1980, following a jury trial in the circuit court of Sangamon County, defendant, Maurice Allen, was convicted of the offense of burglary. He was then sentenced to a 5-year term of imprisonment. On appeal defendant contends that (1) he was improperly sentenced because the court applied an aggravating factor not present in the record and improperly considered the fact that he was a public aid recipient, and (2) the court improperly allowed the payment of court costs and public defender fees to be assessed from defendant's bond deposit.

The evidence at trial showed that on November 13, 1979, at approximately 4 a.m., defendant unlawfully entered the premises of Aamco Transmission in Springfield. A police officer testified that he saw a man's upper body sticking through the rear bathroom window of the building. The man went back inside the building as the officer went around the building. Defendant was discovered inside the building in the bathroom and was arrested. Defendant was subsequently convicted of the offense of burglary.

Section 5—5—3.2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)) lists the various factors in aggravation that may be considered in favor of imposing a term of imprisonment or may be considered by the court as a reason to impose a more severe sentence. One of the factors is that defendant's conduct caused or threatened serious harm.

At the sentencing hearing, the trial judge stated that he was considering defendant's conduct at the scene of the burglary as constituting an aggravating factor in that his conduct caused or threatened serious harm under section 5—5—3.2 of the Unified Code. The trial judge stated:

> "In fact you could have gotten shot. I don't know. Hiding and ducking back and forth and something like that and the hour at night someone could have gotten hurt."

The application of factors in aggravation in sentencing has been considered in *People v. Brownell* (1980), 79 Ill. 2d 508, 404 N.E.2d 181, and in

*People v. Conover* (1981), 84 Ill. 2d 400. *Brownell* concerned the application of section 9—1(b)(7) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(b)(7)), which provides that among those aggravating factors which can subject a murderer to the death penalty is that "the murdered individual was a witness in a prosecution against the defendant, gave material assistance to the state in any investigation or prosecution of the defendant, or was an eye witness or possessed other material evidence against the defendant." In *Brownell* that aggravating factor had been found to exist by the trial court, where the murder victim was an eyewitness against the defendant for other offenses committed against her by defendant in the course of murder. On review the supreme court concluded that the General Assembly did not intend to apply that factor in aggravation to an offense that occurred in the course of the commission of murder because to reason otherwise would mean that the aggravating factor could apply in every prosecution for murder, as the murder victim is always prevented from testifying. The court in *Conover* followed the reasoning in *Brownell*. As here, *Conover* concerned the application of section 5—5—3.2(a) of the Unified Code of Corrections which also listed as an aggravating factor that the defendant received compensation for committing the offense. There the defendant's receipt of compensation in the form of the burglary's proceeds was considered as an aggravating factor by the trial court. The supreme court held that the receipt of proceeds from a burglary is a factor implicit in most burglaries and did not constitute an aggravating factor within the meaning of section 5—5—3.2(a).

■■ Just as the supreme court in *Brownell* and *Conover* narrowly construed the use of aggravating factors, we narrowly construe the use of the aggravating factor of risk of harm. The conduct considered to be aggravating here was defendant's sticking his body out of a window and then withdrawing it back into the building and his "hiding and ducking back and forth." The primary threat of serious harm extended to the burglar and was no greater than that inherently undertaken by almost all of those who attempt burglaries. Likewise, almost all burglaries inherently impose a threat of serious harm to police if they attempt to capture the burglar. That threat was present here. We assume that the legislature considered this type of threat when it established the minimum penalty for burglary.

The situation is not like that in which the burglar engages in combat with the police, enters an occupied dwelling or other building, or has a confrontation with persons while in the building. For the aggravating factor to be applied properly, the risk of harm must be greater than that inherent in almost all burglaries. That threat was not present in this case. Accordingly, the cause must be remanded for resentencing as we cannot determine how much weight the factor was afforded. *Conover*.

The trial court at the sentencing hearing stated:

"You don't have to steal. You don't have to break in places * * *. [Y]ou feel like the world owes you a living and see that so often not only in here but people on the outside—what can I get for nothing? The Public Aid and other relief programs. It is folks like you that don't work and that cost us that do a lot of money. As far as I am concerned, the time is moving here where people that can work had better try to do something. There are jobs available."

■■ Under section 5—4—1(a)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(a)(2)), the court is required to consider the presentence report of the probation department at the sentencing hearing. The presentence report is required to contain the defendant's economic status and occupation. The trial judge was required to consider defendant's employment and economic status. He was not considering public aid as an aggravating factor but was referring to defendant's record and propensity to commit crime instead of working in order to obtain a livelihood. He also indicated that he did not think that defendant had made reasonable effort to be gainfully employed. It is permissible for the trial judge to take these factors into consideration. *People v. Adkins* (1968), 41 Ill. 2d 297, 242 N.E.2d 258.

After sentencing defendant, the trial court stated:

"I am going to allow $300 out of his bond money for public defense cost and he will have ten percent on his other costs and if there is any left over, he will get it back."

■■ The supreme court in *People v. Cook* (1980), 81 Ill. 2d 176, 407 N.E.2d 56, held unconstitutional the statute under which the public defender's fee was assessed against a defendant's bond deposit. In *People v. Estate of Scott* (1977), 66 Ill. 2d 522, 363 N.E.2d 823, the supreme court held that section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1979, ch. 38, par. 180—3), which mandates that an offender pay the costs of the prosecution, and section 110—7 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 110—7), which allows payment of costs from the bail deposit, were constitutional. Therefore, the imposition of a $300 fee for the public defender's services, to be withheld from the defendant's bond money, was error, but the assessment of costs was proper.

Accordingly, the sentence is reversed and the cause is remanded for resentencing.

Sentence reversed; cause remanded for resentencing.

WEBBER and MILLS, JJ., concur.