THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACK KIMBLE, Defendant-Appellant.

Third District   No. 3—01—0350

Opinion filed February 7, 2002.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

The defendant, Jack Kimble, pled guilty to residential burglary (720 ILCS 5/19—3 (West 2000)) and was sentenced to six years in the

Department of Corrections. On appeal, he claims that (1) his request for Treatment Alternatives to Street Crime (TASC) probation was erroneously denied; and (2) the trial court relied upon an improper aggravating factor at sentencing. We affirm.

## FACTS

Prior to entering his plea of guilty, the defendant filed a petition with the court to elect TASC treatment. A TASC evaluation was received by the court indicating that the defendant was ineligible for the program based on his prior probation violation in New Jersey for a prior conviction. The defendant requested leave for a judicial determination. The court agreed with the TASC evaluator and found the defendant ineligible due to his prior felony conviction.

The defendant subsequently entered a plea of guilty and stipulated to the factual basis for the charge. The evidence presented by the State alleged that on August 30, 2000, the defendant and Jerry Muzik used a crowbar to forcibly enter the home of Kenneth Rewers, a Cook County sheriff's police commander. Rewers' daughter returned home, noticed the door was damaged and suspected that intruders were inside. She immediately telephoned her father. Rewers arrived and entered the home. He found the defendant and Muzik hiding in the front closet. He held the two men at gunpoint until Will County officers arrived. The defendant admitted that he went to the residence with the intent to commit burglary and that he was prepared to use the crowbar as a weapon. The court found that sufficient evidence existed and accepted the defendant's plea of guilty.

At the sentencing hearing, the State presented the defendant's videotaped confession. In it, the defendant admitted that Muzik told him to take the crowbar and stand at the front door. If anyone entered, the defendant was to strike the person on the head with the tool. In closing, the State asked the court to consider several aggravating factors in imposing a sentence. The State argued that (1) the defendant caused or threatened serious harm by using the crowbar as a potential weapon; (2) he had a history of criminal activity; (3) he was on probation at the time of the offense; and (4) a significant sentence was necessary to deter others from committing the crime. Although the trial judge found that these factors applied to the defendant, he was unsure whether "the use of [the] prybar makes any sense because these guys ran and hid in the closet as soon as they saw the homeowner coming up the driveway." The court sentenced the defendant to six years in prison. The defendant's motion to reduce the sentence was denied.

## ANALYSIS

### I

The defendant first argues that the trial court erred in denying his request for TASC probation.

■ When an addict or alcoholic is charged with or convicted of a crime, he may elect TASC probation as an alternative treatment unless, *inter alia*: (1) the person has been convicted of residential burglary and was previously convicted of one or more felonies; or (2) the person is on probation and the probation officer does not consent. 20 ILCS 301/40—5(5), (7) (West 2000). It is well settled that when reviewing a trial court's ruling the question before us is the correctness of the court's decision, not the court's reasoning. *People v. Nash,* 173 Ill. 2d 423, 672 N.E.2d 1166 (1996).

■ Here, the record shows that the defendant was on probation in New Jersey at the time he committed the present offense. Nothing in the record indicates that the New Jersey probation officer consented to TASC probation. A petition to revoke probation had been filed. Further, the defendant's probation officer had informed the presentencing investigator that the defendant did not request permission to relocate and had not been in contact with his probation department for months. Consequently, the defendant failed to demonstrate that he was eligible for the alternative treatment.

Even if the New Jersey probation department had consented to the program, the presentencing investigation report indicates that the defendant had been previously convicted of at least one felony offense. In Illinois, a person who obtains control over stolen property is guilty of theft. 720 ILCS 5/16—1(a)(4) (West 2000). Any person convicted of theft of property of any value who has been previously convicted of any type of theft is guilty of a Class 4 felony. 720 ILCS 5/16—1(b)(2) (West 2000). In the instant case, the defendant was placed on probation for theft and receiving stolen property in New Jersey on February 18, 2000. Four months later, he was convicted of criminal possession of stolen property in New York. Under the laws of our state, the defendant's New York conviction would have been classified as a felony. This prior felony coupled with the defendant's present conviction for residential burglary would have made him ineligible for TASC probation under subsection 5 of the TASC statutory provision (20 ILCS 301/40—5(5) (West 2000)). Thus, the trial court did not err in denying the defendant's alternative treatment request.

The defendant maintains that because he requested TASC probation before he was convicted of residential burglary rather than after, the exclusion listed in subsection 5 of the statute would not apply. Al-

though the defendant did request treatment prior to the entry of judgment, the statute clearly provides that such treatment cannot be granted until the defendant is convicted of the offense. 20 ILCS 301/40—10(b) (West 2000). Thus, the trial court could not have applied TASC probation as an alternative to incarceration for the present defendant until after his conviction for residential burglary had been entered. At that point, the defendant's prior felony barred his eligibility for TASC treatment.

## II

■ The defendant also claims that the trial court abused its discretion when it imposed a six-year sentence based on serious bodily harm, citing *People v. Allen*, 97 Ill. App. 3d 38, 422 N.E.2d 254 (1981). In *Allen*, the defendant broke into a business at 4 a.m. In sentencing the defendant, the trial court ruled that the defendant's conduct of "ducking in and out" of a window created the threat of serious harm. It applied the aggravating factor at sentencing and ordered the defendant to serve a term of five years in prison. The reviewing court held that in sentencing a defendant convicted of residential burglary, the aggravating factor of serious harm could only be applied if the risk of harm was greater than that inherent in almost all burglaries. The court remanded the cause for resentencing, noting that the case "[was] not like that in which the burglar engages in combat with the police, enters an occupied dwelling or other building, or has a confrontation with persons while in the building." *Allen*, 97 Ill. App. 3d at 40, 422 N.E.2d at 255.

By contrast, the defendant in this case broke into a dwelling using a crowbar and was prepared to use the tool as a weapon. A sentence will not be overturned unless the trial court abused its discretion. *People v. Streit*, 142 Ill. 2d 13, 566 N.E.2d 1351 (1991). While the defendant and Muzik were found hiding in a closet by the homeowner, the potential for serious harm still existed. Any consideration of the threat of serious harm in sentencing the defendant was within the trial court's discretion.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.