No. 2--04--0223                                      Filed: 2/16/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--2679 |
| JOHN H. DEAN, | ) ) | Honorable Robert J. Anderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KAPALA delivered the opinion of the court:

After a stipulated bench trial, defendant, John H. Dean, was found guilty of two counts of residential burglary (720 ILCS 5/19--3(a) (West 2002)), one count of burglary (720 ILCS 5/19--1(a) (West 2002)), and one count of misdemeanor criminal damage to property (720 ILCS 5/21--1(1)(a) (West 2002)).  Thereafter, the trial court sentenced defendant to 60 months' imprisonment.  Defendant appeals contending (1) that the trial court erred in determining that he was statutorily ineligible for probation pursuant to article 40 of the Alcoholism and Other Drug Abuse and Dependency Act (Act) (20 ILCS 301/1 et seq. (West 2002)) (commonly referred to as TASC probation) and, alternatively, (2) that his exclusion from TASC probation violated his right to equal protection of the law under the Illinois and United States Constitutions.  We reject both contentions and, consequently, affirm the judgment of the circuit court of Du Page County.

I. FACTS

After he was charged, but before trial, defendant filed a "Petition for Election of Treatment pursuant to 20 ILCS 301/40--5." The petition was filed on November 3, 2003. Thereafter, but still before trial, an evaluator filed a "Criminal Justice Substance Abuse Assessment" finding defendant chemically dependent on cocaine and acceptable for TASC probation.

On February 2, 2004, the parties presented their respective positions on defendant's eligibility for TASC probation. The State argued that the combination of defendant's prior felony conviction and the instant residential burglary charges rendered defendant ineligible under section 40--5(7) of the Act, which makes ineligible those defendants who have been convicted of residential burglary and who have records of one or more felony convictions. Defense counsel argued that section 40--5(7) did not bar his client from being placed on TASC probation because when defendant elected treatment he had not been "convicted" of residential burglary and, as defendant stood before the court on February 2, 2004, he was not convicted of residential burglary. The trial court held that defendant was not eligible for TASC probation because he was disqualified under section 40--5(7).

After a stipulated bench trial held on February 23, 2004, the purpose of which was to preserve for appeal the issue of defendant's eligibility for TASC probation, the trial court found defendant guilty of two counts of residential burglary, one count of burglary, and one count of misdemeanor criminal damage to property. The trial court proceeded to find that defendant was an addict who was likely to be rehabilitated through treatment. The trial court also found a significant relationship between defendant's addiction and the crimes defendant committed. The trial court then said, "I am going to find that the only reason why I sentenced defendant to the penitentiary is because I really [sic] found that he [is] statutorily ineligible for the TASC probation. If I were wrong in that assessment or if he were eligible, I believe that TASC is the appropriate sentence in

this case." Immediately thereafter, the trial court sentenced defendant to concurrent 60-month prison sentences on the two residential burglary counts and the burglary count. The trial court entered a judgment of conviction and ordered restitution and costs on the misdemeanor count. Defendant timely appeals.

## II. ANALYSIS

### A. Eligibility for TASC

Defendant's first appellate contention is that the trial court erred in finding that he was ineligible to receive treatment under the Act because of the exclusion in section 40--5(7) of the Act. The State argues that the trial court did not err in construing section 40--5(7) and finding defendant ineligible.

Because the trial court found that defendant was otherwise eligible for TASC probation, the trial court's determination that defendant was excluded under section 40--5(7) was based purely on statutory interpretation. Accordingly, the issue on appeal is whether the trial court has correctly interpreted the provisions of a statute, a question of law that we review de novo. People v. Davis, 199 Ill. 2d 130, 135 (2002).

Section 40--5 of the Act provides:

"An addict or alcoholic who is charged with or convicted of a crime may elect treatment under the supervision of a licensed program designated by the Department, referred to in this Article as 'designated program', unless:

(1) the crime is a crime of violence;

(2) the crime is a violation of Section 401(a), 401(b), 401(c) where the person electing treatment has been previously convicted of a non-probationable felony or the violation is non-probationable, 401(d) where the violation is non-probationable,

401.1, 402(a), 405 or 407 of the Illinois Controlled Substances Act, or Section 4(d), 4(e), 4(f), 4(g), 5(d), 5(e), 5(f), 5(g), 5.1, 7 or 9 of the Cannabis Control Act;

(3) the person has a record of 2 or more convictions of a crime of violence;

(4) other criminal proceedings alleging commission of a felony are pending against the person;

(5) the person is on probation or parole and the appropriate parole or probation authority does not consent to that election;

(6) the person elected and was admitted to a designated program on 2 prior occasions within any consecutive 2-year period;

(7) the person has been convicted of residential burglary and has a record of one or more felony convictions;

(8) the crime is a violation of Section 11-501 of the Illinois Vehicle Code or a similar provision of a local ordinance; or

(9) the crime is a reckless homicide or a reckless homicide of an unborn child, as defined in Section 9-3 or 9-3.2 of the Criminal Code of 1961, in which the cause of death consists of the driving of a motor vehicle by a person under the influence of alcohol or any other drug or drugs at the time of the violation." (Emphasis added.) 20 ILCS 301/40--5 (West 2002).

In turn, section 40--10(b) delineates the circumstances under which treatment as a term of TASC probation is to be ordered:

"(b) If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by a designated program to determine whether he suffers from alcoholism or other drug addiction and is likely to be rehabilitated through treatment.

The designated program shall report to the court the results of the examination and recommend whether the individual should be placed for treatment. If the court, on the basis of the report and other information, finds that such an individual suffers from alcoholism or other drug addiction and is likely to be rehabilitated through treatment, the individual shall be placed on probation and under the supervision of a designated program for treatment and under the supervision of the proper probation authorities for probation supervision unless, giving consideration to the nature and circumstances of the offense and to the history, character and condition of the individual, the court is of the opinion that no significant relationship exists between the addiction or alcoholism of the individual and the crime committed, or that his imprisonment or periodic imprisonment is necessary for the protection of the public, and the court specifies on the record the particular evidence, information or other reasons that form the basis of such opinion. However, under no circumstances shall the individual be placed under the supervision of a designated program for treatment before the entry of a judgment of conviction." 20 ILCS 301/40--10(b) (West 2002).

Defendant argues that because he elected treatment on November 3, 2003, during pretrial proceedings and more than three months before he was convicted of residential burglary on February 23, 2004, he was eligible to elect treatment under section 40--5(7). Defendant argues that even if he has a record of another felony conviction, section 40--5(7) clearly allows a defendant to elect treatment so long as he has not been convicted of residential burglary prior to that election.

Defendant's argument erroneously focuses on his status as a person charged with residential burglary at the time he elected treatment rather than his status at the time he was sentenced. Section 40--5 provides that "[a]n addict or alcoholic who is charged with or convicted of a crime may elect

treatment *** unless" any of nine exclusions applies. 20 ILCS 301/40--5 (West 2002). This language seems to indicate that the nine subsections of section 40--5 are only exclusions to a criminal defendant's right to elect treatment. However, the Illinois Appellate Court has consistently held that eligibility for treatment under the Act is to be determined at the time sentence is imposed and that the presence of any of the nine section 40--5 exclusions renders a defendant ineligible for TASC probation as a final disposition of the case. See People v. Johnson, 338 Ill. App. 3d 213, 217 (2003) ("Section 40--5 of the Act provides nine exceptions to a defendant's eligibility to receive [TASC] probation ***"); People v. Sullivan, 332 Ill. App. 3d 628, 631-32 (2002) (the fact that a felony charge in a different county was resolved only a few days after defendant was sentenced in the instant case did not affect the conclusion that felony proceedings were pending at the time of sentencing, thereby disqualifying defendant from treatment under the Act. If defendant's sentence was proper when entered, defendant is not entitled to a new sentencing hearing because defendant subsequently became eligible to elect treatment); People v. Kimble, 327 Ill. App. 3d 797, 799-800 (2002) (defendant being prosecuted for residential burglary could not be placed on TASC probation until after his conviction of residential burglary had been entered and at that point defendant's prior felony barred his eligibility for TASC probation); People v. Lewis, 228 Ill. App. 3d 654, 657-58 (1992) (defendant with record of prior felony convictions was ineligible for treatment under the Act because the judgment of conviction entered upon defendant's plea of guilty to residential burglary preceding defendant's sentencing hearing on that charge was a "conviction" of residential burglary for purposes of section 10--101(g) of the Act (now see 20 ILCS 301/40--5(7) (West 2002))); People v. Braje, 130 Ill. App. 3d 1054, 1059 (1985), quoting Ill. Rev. Stat. 1983, ch. 91c, par. 120.8 (defendant who pleaded guilty to two unrelated felonies that were consolidated for sentencing was eligible for treatment under the Act, despite the disqualification that " 'other criminal proceedings

alleging commission of a felony are pending against the addict' " because, immediately prior to sentencing, no other felony proceedings were pending against defendant); People v. Bournes, 55 Ill. App. 3d 237, 242-44 (1977) (defendant who was ineligible for treatment under the Act at the time he was sentenced, but who became eligible at the time of the hearing on his posttrial motions, was not entitled to a new sentencing hearing to allow the trial court to exercise its discretion as to afford defendant treatment under the Act).

The foregoing authority drives us to the conclusion that a defendant's ability to elect TASC probation treatment at some point before sentencing or at some point after sentencing is not determinative of his eligibility to ultimately receive TASC probation. In order to receive TASC probation, the defendant must be able to elect TASC probation treatment under section 40--5 at the time the defendant is sentenced.

Defendant recognizes the holding in Kimble and acknowledges that it is contrary to his position on appeal, but he urges us to reject it. In Kimble the defendant was charged with residential burglary and, prior to entering a plea of guilty, the defendant filed a petition to elect TASC probation treatment. Kimble, 327 Ill. App. 3d at 798. The TASC probation evaluator determined that the defendant was ineligible due to a prior probation violation in New Jersey. Kimble, 327 Ill. App. 3d at 798. The trial court agreed with the evaluator and found the defendant ineligible. Kimble, 327 Ill. App. 3d at 798. Thereafter, the defendant pleaded guilty and was sentenced to six years' imprisonment. On appeal, the defendant argued that the trial court erred in denying his request for TASC probation. The Third District disagreed on two bases. First, the court held that the defendant was ineligible because he was on probation in New Jersey and nothing in the record indicated that the New Jersey probation officer consented to TASC probation. Kimble, 327 Ill. App. 3d at 799. Second, the court held that the defendant had been previously convicted of at least one felony

offense and that the "prior felony coupled with the defendant's present conviction for residential burglary would have made him ineligible for TASC probation under subsection [7] of the TASC statutory provision." Kimble, 327 Ill. App. 3d at 799. In rejecting the defendant's argument that section 40--5(7) was inapplicable because he was convicted of residential burglary after rather than before he requested TASC probation, the court in Kimble reasoned:

"Although the defendant did request treatment prior to the entry of judgment, the statute clearly provides that such treatment cannot be granted until the defendant is convicted of the offense. 20 ILCS 301/40--10(b) (West 2000). Thus, the trial court could not have applied TASC probation as an alternative to incarceration for the present defendant until after his conviction for residential burglary had been entered. At that point, the defendant's prior felony barred his eligibility for TASC treatment." Kimble, 327 Ill. App. 3d at 799-800.

Defendant asserts that if the Kimble court is correct, any defendant charged with residential burglary who has a record of at least one felony conviction would be precluded from receiving TASC probation treatment. Defendant argues that any interpretation of the Act that denies treatment opportunities to those defendants with histories of drug dependency charged with but not yet convicted of residential burglary does not allow for the clear legislative purpose and objectives of the Act, which are to provide intervention, treatment, rehabilitation, and other services to those who misuse alcohol and other drugs. This argument is not persuasive.

The Act makes clear that no criminal defendant receives a disposition of TASC probation before the entry of a judgment of conviction. 20 ILCS 301/40--10(b) (West 2002). As such, no one who is merely charged with a crime is placed on TASC probation or receives treatment under the Act. It is also true that a defendant convicted of residential burglary who has a record of one or more felony convictions is ineligible for TASC probation. 20 ILCS 301/40--5(7) (West 2002). The

exclusion of such criminal defendants, however, does not frustrate the purposes and objectives of the Act because the purposes and objectives of the Act do not apply to ineligible defendants. "The purpose of TASC is to prevent drug abuse and encourage treatment and rehabilitation by allowing eligible defendants to elect rehabilitative treatment instead of traditional sentencing." (Emphasis added.) People v. Wallace, 331 Ill. App. 3d 822, 835 (2002). The legislature has determined that criminal defendants who are convicted of residential burglary and who have records of one or more felony convictions are not eligible for TASC probation. 20 ILCS 301/40--5(7) (West 2002). Consequently, we reject defendant's argument.

In a further effort to persuade us to reject the holding in Kimble, defendant maintains that the section 40--5(7) language "convicted of residential burglary" must refer to a conviction of residential burglary other than one resulting from the current prosecution. Defendant argues that because the legislature in subsections (1) through (4) of section 40--5 used the words "the crime" to refer to the offense for which the defendant is currently being prosecuted, it could not have meant that the "convicted of residential burglary" requirement of the section 40--5(7) exclusion could be met with a conviction of residential burglary arising out of the instant prosecution. In response, the State argues that, when referring to a prior conviction, the legislature in section 40--5 used the term "record" (see, e.g., 20 ILCS 301/40--5(3) (West 2002)). The State maintains that if the legislature in section 40--5(7) was referring to a prior conviction of residential burglary, it would have used the language "the person has a record of residential burglary."

Section 40--5 begins by stating that addicts or alcoholics "charged with or convicted of a crime may elect treatment." 20 ILCS 301/40--5 (West 2002). The term "convicted" can mean different things depending on the context. See People v. Woods, 193 Ill. 2d 483, 487 (2000) ("Depending on the context, the word 'conviction' can be reasonably construed to mean the date of

sentence, or the date on which an adjudication of guilt was entered"). However, it does not make sense to construe the term "convicted" as it is used in section 40--5 to mean the pronouncement of sentence. There would be no point in a criminal defendant electing treatment under the Act after sentence is imposed. At that point it would be too late for the trial court to consider TASC probation and order it if appropriate. As such, the legislature throughout section 40--5 must have used the term "convicted" only in the "adjudication of guilt" sense.

This interpretation of the word "convicted" is consistent with the Fourth District's holding in People v. Lewis, 228 Ill. App. 3d 654 (1992). In Lewis the defendant argued that at the time of his sentencing hearing, he had not yet been convicted of residential burglary because a "conviction" did not enter until the court entered its final judgment when it pronounced sentence. Lewis, 228 Ill. App. 3d at 657. In rejecting this argument, the Lewis court wrote:

> "[T]he term 'conviction' in some circumstances may mean a judgment of conviction entered upon a plea of guilty. In the present case, after the trial court accepted defendant's pleas, it entered judgment thereon – the standard practice in this State whenever a trial court accepts a guilty plea. Consistent with the above definition, we hold that the trial court's entry of judgment upon defendant's guilty plea to residential burglary constituted a 'conviction' *** for purposes of section 10--101 of the Act [now see 20 ILCS 301/40--5(7) (West 2002)]." Lewis, 228 Ill. App. 3d at 658.

This case is closely aligned with Kimble and Lewis except for the insignificant distinction that the adjudication of guilt in this case followed a stipulated bench trial rather than a plea of guilty.

Because we have determined that the term "convicted" in section 40--5 is synonymous with "adjudicated guilty," section 40--5(7) prohibits an addict or alcoholic with one or more prior felony convictions from electing treatment after he has been adjudicated guilty of residential burglary.

However, section 40--5(7) does not prohibit an addict or alcoholic who is only "charged with" but not yet "convicted of" residential burglary from electing treatment. While it seems illogical to permit a criminal defendant charged with residential burglary to elect treatment if, upon conviction of that offense, he will become ineligible to receive TASC probation, the legislature may have intended to give a criminal defendant charged with but not yet convicted of residential burglary an opportunity to be examined by a designated program to determine whether he suffers from alcoholism or other drug addiction and is likely to be rehabilitated through treatment. Such a criminal defendant would then possess information that could be used in an effort to negotiate a reduction in the charge such that he could be afforded treatment under the Act as a term of TASC probation. The legislature may also have intended to allow a criminal defendant charged with residential burglary to elect treatment to speed the evaluation process in the event of a guilty verdict or finding on a lesser included offense that would not preclude TASC probation. In that event, the evaluation would have already been performed and the trial court would not have to wait for an evaluation before proceeding to sentencing. Thus, we reject defendant's position that the section 40--5(7) language "convicted of residential burglary" must refer to a conviction of residential burglary other than one resulting from the current prosecution. We also decline defendant's invitation to reject the holding in Kimble.

In sum, because the trial court's judgment was in conformance with the above-cited precedent holding that the section 40--5 exclusions to the election of treatment also preclude the imposition of TASC probation at sentencing, we reject defendant's contention that the trial court erred in concluding that he was statutorily ineligible for TASC probation.

B. Equal Protection

Defendant's second appellate contention is that his exclusion from treatment under the Act pursuant to section 40--5(7) violated his right to equal protection of the law under the United States (U.S. Const., amend. XIV) and the Illinois Constitutions (Ill. Const. 1970, art. I, §2). The State argues that section 40--5(7) does not violate these equal protection provisions.

"In conducting an equal protection analysis, we apply the same standards under both the United States Constitution and the Illinois Constitution." Wauconda Fire Protection District v. Stonewall Orchards, LLP, 214 Ill. 2d 417, 434 (2005). The constitutional guarantee of equal protection requires that similarly situated individuals be treated similarly. People v. Breedlove, 213 Ill. 2d 509, 518 (2004). However, the drawing of a distinction among different categories of people in a rule or statute is not forbidden, so long as the distinction that is made is proper. Breedlove, 213 Ill. 2d at 518. Where a distinction has been drawn, and the rule or statute involved does not affect a fundamental right or involve a suspect class, a rational-basis test must be satisfied. Breedlove, 213 Ill. 2d at 518. In this case the parties agree that defendant's equal protection contention should be evaluated using the rational-basis test. Our supreme court has articulated this test as follows:

> "Under this rational basis test, 'judicial review of legislative classifications is limited and generally deferential; the court simply inquires whether the method or means employed in the statute to achieve the stated goal or purpose of the legislation is rationally related to that goal.' In re A.A., 181 Ill. 2d 32, 38 (1998). The classification must be upheld if any set of facts can reasonably be conceived to justify it." Russell v. Department of Natural Resources, 183 Ill. 2d 434, 447 (1998).

To comply with equal protection requirements, there must be a rational basis for distinguishing the class to which the law applies from the class to which the statute is inapplicable. People v. Coleman, 111 Ill. 2d 87, 95 (1986). Defendant bears the burden of establishing the

invalidity of the classification. People v. Bales, 108 Ill. 2d 182, 193 (1985). Whether a rational basis exists is a question of law and is subject to de novo review. People v. Botruff, 212 Ill. 2d 166, 177 (2004).

Defendant cites several studies concluding that there is a relationship between burglary and substance abuse. Defendant then asserts that, given this evidence, the exclusion of persons with residential burglary convictions from TASC probation is not rationally related to the expressed legislative purpose of the Act, which basically provides for the treatment, care, and rehabilitation of alcoholics and drug addicts. Section 1--5 provides:

> "The abuse and misuse of alcohol and other drugs constitutes a serious public health problem the effects of which on public safety and the criminal justice system cause serious social and economic losses, as well as great human suffering. It is imperative that a comprehensive and coordinated strategy be developed under the leadership of a State agency and implemented through the facilities of federal and local government and community-based agencies (which may be public or private, volunteer or professional) to empower individuals and communities through local prevention efforts and to provide intervention, treatment, rehabilitation and other services to those who misuse alcohol or other drugs (and, when appropriate, the families of those persons) to lead healthy and drug-free lives and become productive citizens in the community." 20 ILCS 301/1--5 (West 2002).

Defendant seems to suggest that the denial of treatment under TASC probation to any addict or alcoholic frustrates the purpose of the Act. What defendant overlooks, however, is that with respect to Article 40 of the Act, entitled "Treatment Alternatives For Criminal Justice Clients," the above-stated purposes and objectives are carried out in the context of criminal defendants when they are eligible for TASC probation as an alternative to sentencing under the Unified Code of Corrections.

See Wallace, 331 Ill. App. 3d at 835. Beyond the categories of per se ineligible criminal defendants, section 40--10(b) reveals that the legislature has reserved eligibility for TASC probation to those criminal defendants: (1) who suffer from alcoholism or other drug addiction; (2) who are likely to be rehabilitated through treatment; (3) who committed crimes that are significantly related to addiction or alcoholism; and (4) whose imprisonment is not necessary for the protection of the public. 20 ILCS 301/40--10(b) (West 2002). As such, the exclusion in section 40--5(7) is part of a greater statutory scheme that creates two classes of criminal defendants; those who under section 40--5 are per se ineligible for treatment under the Act as a term of TASC probation (20 ILCS 301/40--5 (West 2002)), and those who are eligible but still subject to denial of TASC probation upon a judicial determination that they are not suffering from alcoholism or drug addiction, are unlikely to be rehabilitated through treatment, have committed crimes that were not significantly related to their addiction or alcoholism, or need to be imprisoned to protect the public. 20 ILCS 301/40--10(b) (West 2002). Thus, the question in this case is whether section 40--5(7), as a component of this legislative scheme, places similarly situated criminal defendants into different classifications for reasons that are not rationally related to the purpose of Article 40 of the Act.

In an effort to offer a set of facts that "can reasonably be conceived to justify" (Russell, 183 Ill. 2d at 447) the classification of criminal defendants who are convicted of residential burglary and who have records of one or more felony convictions as ineligible for TASC probation, the State argues that the legislature's determination that criminal defendants comprising this class pose a substantial risk to public safety such that classifying them as per se ineligible for TASC probation is rational. Defendant maintains that a concern for public safety cannot serve as a rational basis for the classification.

Clearly, the legislature considers residential burglary to be a very serious criminal offense that involves a high risk of harm to members of the public. See People v. Sturlic, 130 Ill. App. 3d 120, 130 (1985) ("The legislature has determined that residential burglary contains more possibility for danger and serious harm than places not used as dwellings"). In recognition of this serious public safety threat, it has seen fit to make residential burglary a Class 1 felony (720 ILCS 5/19--3(b) (West 2002)) that, under the Unified Code of Corrections, is nonprobationable (730 ILCS 5/5--5--3(c)(2)(G) (West 2002)) and, therefore, carries a mandatory prison sentence of not less than 4 years and not more than 15 years (730 ILCS 5/5--8--1(a)(4) (West 2002)). As such, the legislature has implemented a policy that anyone convicted of residential burglary will be sentenced to prison "except as otherwise provided in section 40--10 of the [Act]." 730 ILCS 5/5--5--3(c)(2)(G) (West 2002). Defendant maintains that the unique public safety risk that a residential burglar presents cannot be the rational basis for classifying those who are convicted of residential burglary and who have records of one or more felony convictions as ineligible for TASC probation, because those convicted of residential burglary without records of one or more felony convictions present the same public safety risk, and yet are eligible for TASC probation. We disagree.

The legislature could have reasonably determined that a criminal defendant convicted of residential burglary who also has a record of one or more felony convictions is per se ineligible for TASC probation because such a criminal defendant presents such a great public safety risk that he or she must be imprisoned to protect the public. At the same time, however, the legislature could have reasonably concluded that, while all criminal defendants convicted of the offense of residential burglary present a serious public safety risk, there may be some such criminal defendants who merely made one mistake and are not such a public safety risk that they must in every case be imprisoned for the protection of the public. In other words, while convicted residential burglars with

no prior felony records present a public safety risk, in the legislature's judgment the risk is not so high as to disallow this limited group of convicted residential burglars to be considered for TASC probation. It is important to keep in mind that just because a criminal defendant is not per se ineligible for TASC probation does not mean that he or she will receive such a disposition. See 20 ILCS 301/40--10(b) (West 2002). The legislature could have reasonably concluded that the public safety risk presented by the convicted residential burglar with no prior felony convictions is at a level that is adequately guarded by the trial court's discretion. For these reasons, the legislature's distinction between criminal defendants convicted of residential burglary who have records of one or more felony convictions and those convicted of residential burglary who have no felonious history is rationally related to the purpose of the Act and, therefore, does not violate the equal protection provision of either constitution.

Defendant also argues that public safety cannot be the rational basis for classifying as ineligible for TASC probation those criminal defendants who are convicted of residential burglary and who have prior records of one or more felony convictions, where criminal defendants who have records of one or more felony convictions and are convicted of criminal offenses that also involve a heightened public safety risk, such as criminal trespass to a residence (720 ILCS 5/19--4 (West 2002)), tampering with food, drugs, or cosmetics (720 ILCS 5/12--4.5 (West 2002)), criminal transmission of HIV (720 ILCS 5/12--16.2 (West 2002)), inducement to commit suicide (720 ILCS 5/12--31 (West 2002)), possession of a deadly substance (720 ILCS 5/20.5--6 (West 2002)), and gunrunning (720 ILCS 5/24--3A (West 2002)), are eligible for TASC probation. We also reject this argument.

The legislature possesses wide discretion to classify and prescribe penalties for criminal offenses. People v. Wright, 194 Ill. 2d 1, 24 (2000). With the exception of the last two, the

legislature has classified the offenses defendant lists as less serious felonies than residential burglary. Possession of a deadly substance is a Class 1 felony (720 ILCS 5/20.5--6 (b) (West 2002)) but, unlike residential burglary, is probationable under the Unified Code of Corrections (730 ILCS 5/5--5--3(c)(2) (West 2002)). The lesser penalties for the first five offenses listed by defendant may be indicative of a legislative determination that residential burglary presents a more significant public safety risk than the conduct prohibited by these offenses. Such a legislative determination serves as a rational basis for concluding that a criminal defendant convicted of residential burglary, who also has a record of one or more felony convictions, should be per se ineligible for TASC probation while criminal defendants who are convicted of the offenses having a lesser impact on public safety and who have the same felony records are eligible for TASC probation if in the trial court's judgment TASC probation is appropriate.

The offense of gunrunning, on the other hand, is generally a nonprobationable Class 1 felony, and when firearms are transferred to a person under 18 years of age, the offense is a nonprobationable Class X felony. 720 ILCS 5/24--3A(b) (West 2002); 730 ILCS 5/5--5--3(c)(2)(R) (West 2002). As such, gunrunning carries the same penalty under the Unified Code of Corrections as residential burglary and under certain circumstances carries a harsher penalty. Nevertheless, a rational basis for this distinction is a legislative determination that it is unnecessary to include criminal defendants convicted of gunrunning with felonious records in the "per se ineligible for TASC probation" category because the requirements of section 40--10(b) adequately serve the Act's purpose of affording TASC probation only to eligible criminal defendants. More specifically, the legislature could have reasonably concluded that the crime of gunrunning will rarely be significantly related to the gunrunner's addiction or alcoholism and a gunrunner's imprisonment for the protection of the public will often be necessary (see 20 ILCS 301/40--10(b) (West 2002)). We note that while

defendant has provided us with citations to studies concluding that there is evidence of the relationship between burglary and substance abuse, he has cited no such studies concluding that there is a relationship between gunrunning and substance abuse. On the other hand, a criminal defendant convicted of residential burglary with a record of one or more felony convictions will with greater frequency meet the eligibility requirements of section 40--10(b), such that the legislature found it necessary to deem such defendants per se ineligible for TASC probation in order to ensure that defendants convicted of residential burglary will be sentenced to prison except for those residential burglars who have no prior felony convictions and who meet the requirements of section 40--10(b). Thus, the legislature's determination that there is a need to place convicted residential burglars with records of one or more prior felony convictions in the per se ineligible category, while determining that no such need exists as to convicted gunrunners with like records, serves as a rational basis for the distinction.

For purposes of TASC probation eligibility, we have concluded that a heightened public safety risk serves as a rational basis for the distinction between convicted residential burglars with records of one or more felony convictions and convicted residential burglars with no felonious records. We have also concluded that the same rational basis supports distinguishing convicted residential burglars with records of one or more felony convictions from criminal defendants with like records convicted of the first five offenses listed by defendant. We have also identified the legislative determination that section 40--10(b) adequately serves the purpose of the Act with respect to convicted gunrunners who have records of one or more felony convictions as a rational basis for the legislature's placement of those criminal defendants in the "eligible for TASC probation" category. We further conclude that, with the exception of criminal trespass to a residence, a rational basis for distinguishing those criminal defendants with records of one or more felony convictions

who are convicted of the offenses listed by defendant from those with like prior records convicted of residential burglary is readily discernable on a ground other than public safety. In addition to public safety concerns, "the residential-burglary statute was enacted by the General Assembly to deter the unlawful entry into dwelling places and thus to protect the privacy and sanctity of the home." Bales, 108 Ill. 2d at 193. The legislature could have reasonably determined that mandatory imprisonment for those convicted of residential burglary was the best way to protect the privacy and sanctity of the home from such unlawful entries. As such, convicted residential burglars must be sentenced to prison with the limited exception of convicted residential burglars who have no prior felony convictions. See 730 ILCS 5/5--5--3(c)(2)(G) (West 2002). Thus, with the exception of criminal trespass to a residence, the absence of the need to protect the privacy and sanctity of the home with respect to criminal defendants convicted of the offenses listed by defendant serves as a rational basis for making the distinction with respect to TASC probation eligibility. Consequently, there is a rational basis for classifying criminal defendants who are convicted of residential burglary and who have records of one or more felony convictions as per se ineligible for TASC probation while classifying those who are convicted of the criminal offenses defendant lists and who have like records as eligible.

Defendant argues further that it is irrational to classify as per se ineligible for TASC probation on a public safety basis criminal defendants convicted of residential burglary who have records of one or more felony convictions, where a criminal defendant who has one prior conviction of a violent offense, like first-degree murder, and who is then convicted of a nonviolent offense, like juvenile pimping, is not so classified. We disagree.

This classification is similarly supported by the legitimate governmental objective of preserving the mandatory prison policy for those who invade the privacy and sanctity of the home,

outlined above. An additional rational basis for this distinction is a legislative determination that there is no need to create a per se category of TASC ineligibility for criminal defendants who are convicted of juvenile pimping and who have prior felony convictions of first-degree murder. As with the convicted gunrunner with a felonious record, the legislature could have reasonably concluded that the crime of juvenile pimping will rarely be significantly related to the juvenile pimp's addiction or alcoholism and the imprisonment for the protection of the public of the convicted juvenile pimp with a prior conviction of first-degree murder will often be necessary, such that the requirements of section 40--10(b) adequately serve the Act's purpose of affording TASC probation only to criminal defendants who are eligible. See 20 ILCS 301/40--10(b) (West 2002).

Because there is a rational basis for classifying those criminal defendants who are convicted of residential burglary and who have records of one or more felony convictions as per se ineligible for TASC probation, we reject defendant's equal protection contention.

### III. CONCLUSION

For the foregoing reasons we affirm the judgment of the circuit court of Du Page County.

Affirmed.

McLAREN and GILLERAN JOHNSON, JJ., concur.