THIRD DIVISION
JUNE 11, 2008

1-06-2486

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 1-06-2486 |
| | ) | |
| TRINA MOBLEY, | ) | Honorable |
| | ) | Thomas M. Davy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

The defendant, Trina Mobley, was convicted in a bench trial in the circuit court of Cook County, of one count of residential burglary. Prior to her sentencing and at her request, the court ordered a Treatment Alternatives for Safe Communities (TASC) evaluation. Despite being clinically acceptable for TASC, the judge found that the defendant was statutorily ineligible for TASC services because of the felony residential burglary conviction and a prior felony conviction. The defendant was sentenced to four years in the Illinois Department of Corrections with recommended alcohol and drug treatment. The defendant now appeals her sentence and argues that it violates her constitutional right to equal protection and due process. For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

The State's evidence established the following events.

On the afternoon of November 2, 2005, Rhonda Black, her sister, Shakina Black, and their children returned to Rhonda's apartment after going shopping and attending a doctor's appointment. Rhonda Black shared the apartment with her fiancé and three children. Rhonda unlocked the front door, but could not open it. She testified that "it felt like someone was holding the door [from the inside of the apartment]." Rhonda eventually forced the door open. Both Rhonda and Shakina testified that they saw the defendant running out of the apartment carrying items in her hand. Both women knew the defendant because Rhonda used to babysit the defendant's children and she was a resident of the apartment building. After they entered the apartment, Rhonda and Shakina began to chase the defendant out of the apartment, but failed to catch her. Rhonda testified that a second female was outside the apartment building, and Shakina testified that the second female was running out the back door when they entered the apartment. Rhonda's fiancé was asleep in the apartment at the time of the burglary, but did not wake up because he was medicated following a chemotherapy session.

After chasing the defendant, Rhonda and Shakina returned to the apartment and called the police to report the burglary. Both sisters identified the defendant as the perpetrator and led the police to her apartment. The police subsequently went to the defendant's apartment and arrested her and another woman, Tyesha Mitchell. The defendant was later charged with one count of residential burglary.

At trial, the defendant testified that she never entered Rhonda Black's apartment or took any

of her possessions. Both parties stipulated that the plaintiff has a prior conviction for felony retail theft.

The defendant was convicted of residential burglary. The defendant filed a motion for a new trial, but it was denied. Prior to sentencing and pursuant to the defendant's request, the court ordered a TASC evaluation. The evaluation stated that the defendant was clinically acceptable for the program because of cocaine and cannabis dependancy. However, at sentencing, the trial court found that the defendant was statutorily ineligible for TASC due to her current conviction for felony residential burglary and prior felony conviction. The defendant was sentenced to four years in the Illinois Department of Corrections with recommended alcohol and drug treatment. This appeal followed.

## ANALYSIS

On appeal, the defendant argues that classifying an offender who has been deemed acceptable for TASC treatment *per se* ineligible because she has a residential burglary conviction and one prior felony conviction violates the due process and equal protection clauses of the United States Constitution. The defendant argues that the exclusion of persons with past residential burglary convictions from TASC under section 40-5(7) of the Alcoholism and Other Drug Abuse and Dependancy Act (20 ILCS 301/40-5(7) (West 2004)), violates the equal protection and due process clauses of the Constitution because (1) there is no "ground of difference" that has a fair and substantial relationship to the object of the legislation that could account for the different treatment of residential burglary versus nonviolent felonies; and (2) the residential burglary exclusion is not rationally related to the legislative goal of TASC and section 40-5.

The State argues that the defendant waived[1] this issue because she did not raise it in the trial court and should not be permitted to raise it for the first time on appeal. The State also argues that in People v. Dean, 363 Ill. App. 3d 454, 465,843 N.E.2d 905, 914-15 (2006), the Second District of the Illinois Appellate Court upheld the constitutionality of the residential burglary exclusion, holding that it did not violate the equal protection clause. Relying on the decision in Dean, the State argues that the State of Illinois' interest in public safety provides a rational basis for classifying the defendant ineligible for participation in TASC.

First, the defendant argues that this issue is not forfeited because the trial court failed to properly admonish her pursuant to Supreme Court Rule 604 (210 Ill. 2d R. 604). The defendant claims that the trial court should have instructed her that "any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in [a] written motion shall be deemed waived." The trial court instead admonished the defendant that "[a]ny reasons not set out in the written motion couldn't be used in an appeal." In the alternative, the defendant argues that the issue involves a substantial right and should therefore be reviewed under the plain error standard of review.

Section 5-8-1(c) of the Unified Code of Corrections states that "[a] defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written

---

[1]In their briefs and argument, although the parties use the term "waiver" to describe the voluntary relinquishment of a known right, the real issue with which we are concerned in this case is forfeiture; the failure to make a timely assertion of a right. People v. Blair, 215 Ill. 2d 427, 443-44, 831 N.E.2d 604, 615 (2005). Thus, throughout this analysis we will discuss this matter in the context of the correct term at issue, *i.e.,* forfeiture, not waiver.

motion filed within 30 days following the imposition of sentence." 730 ILCS 5/5-8-1(c) (West 2004). The supreme court in People v. Reed, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997), held that the "legislative purpose behind section 5-8-1(c) was to require sentencing issues be raised in the trial court in order to preserve those issues for appellate review." Issues challenging the sentence that are not preserved in a posttrial motion are deemed forfeited. Reed, 177 Ill. 2d at 395, 686 N.E.2d at 586; People v. Hudson, 228 Ill. 2d 181, ___ N.E.2d ___ (2008).

Under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)), the court may review "[p]lain errors or defects affecting substantial rights"although the defendant failed to raise the issue before the trial court. The court may review an issue under the plain-error rule to review the misapplication of law during sentencing. People v. McCormick, 332 Ill. App. 3d 491, 499, 774 N.E.2d 392, 400 (2002).

Here, we agree with the State that the defendant did not properly raise this issue in a postsentencing motion before the trial court. The defendant's argument that she was not properly informed is unpersuasive. A full review of the record demonstrates that the defendant was properly admonished and informed that she must file a motion within 30 days for reconsideration of her sentence or the issue would be waived. However, we will review this issue under the plain-error doctrine because of the argument that it involves a substantial right.

The first issue is whether section 40-5(7) distinguishes between similarly situated convicted felons for reasons that are rationally related to the purposes of the Act. The second issue is whether section 40-5(7) is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare.

1-06-2486

The supreme court has held that "all statutes are presumed to be constitutionally valid." People v. Kimbrough, 163 Ill. 2d 231, 237, 644 N.E.2d 1137, 1141 (1994). The party challenging the constitutionality of the statute has the burden of establishing his claims. Kimbrough, 163 Ill. 2d at 237, 644 N.E.2d at 1141. "If the statute's construction is doubtful, [the court] must resolve all doubts in favor of the statute's validity." Kimbrough, 163 Ill. 2d at 237, 644 N.E.2d at 1141. Legislation that "does not affect a fundamental right or involve a suspect or quasi-suspect classification" is reviewed under the rational basis test. Wauconda Fire Protection District v. Stonewall Orchards, LLP, 214 Ill. 2d 417, 434, 828 N.E.2d 216, 226 (2005). The same standards apply to the Illinois Constitution that apply to the United States Constitution when applying the equal protection analysis. Schultz v. Lakewood Electric Corp., 362 Ill. App. 3d 716, 727, 841 N.E.2d 37, 49 (2005). In determining violations of the equal protection clause under the rational basis test, the court's review is limited and deferential. People v. Savage, 361 Ill. App. 3d 750, 768, 838 N.E.2d 247, 256 (2005). The court must inquire "whether the means the statute employs to achieve its purpose are rationally related to that purpose." Wauconda Fire Protection District, 214 Ill. 2d at 434, 828 N.E.2d at 226.

The equal protection clauses require that the government "treat similarly situated individuals in a similar fashion." People v. Carter, 377 Ill. App. 3d 91, 105, 877 N.E.2d 446, 459 (2007). The government may enact legislation that draw distinctions between different categories; however, the distinctions must be related to the legislation's purpose. Wauconda Fire Protection District, 214 Ill. 2d at 434, 828 N.E.2d at 226. If the court finds any set of facts that reasonably justify the classification, then the statute will not be construed as violating the equal protection clause of the

6

constitution. <u>Wauconda Fire Protection District</u>, 214 Ill. 2d at 434, 828 N.E.2d at 226.

To determine whether a statute violates the due process clause, the court must determine " ' "whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare." ' " <u>Kimbrough</u>, 163 Ill. 2d at 242, 644 N.E.2d at 1143, quoting <u>People v. Bradley</u>, 79 Ill. 2d 410, 417, 403 N.E.2d 1029, 1032 (1980), quoting <u>Heimgaertner v. Benjamin Electric Manufacturing Co.</u>, 6 Ill. 2d 152, 159, 128 N.E.2d 691, 695 (1955). The standards used to determine the constitutionality of a statute are identical despite the different language. <u>Kimbrough</u>, 163 Ill. 2d at 242, 644 N.E.2d at 1143. A statute challenged on either due process or equal protection grounds will be "upheld if it is rationally related to a legitimate State goal." <u>Kimbrough</u>, 163 Ill. 2d at 242, 644 N.E.2d at 1143- 44.

Section 40-5 of the Alcoholism and Other Drug Abuse and Dependancy Act (the Act) states:

"An addict or alcoholic who is charged with or convicted of

a crime may elect treatment under the supervision of a licensed

program designated by the Department, referred to in this Article as

'designated program,' unless:

(1) the crime is a crime of violence;

(2) the crime is a violation of Section 401(a), 401(b), 401(c)

where the person electing treatment has been previously convicted of

a non-probationable felony or the violation is non-probationable,

401(d) where the violation is non-probationable, 401.1, 402(a), 405

or 407 of the Illinois Controlled Substances Act, or Section 4(d), 4(e),

7

4(f), 4(g), 5(d), 5(e), 5(f), 5(g), 5.1, 7 or 9 of the Cannabis Control Act or Section 15, 20, 55, 60;

(3) the person has a record of [two] or more convictions of a crime of violence;

(4) other criminal proceedings alleging commission of a felony are pending against the person;

(5) the person is on probation or parole and the appropriate parole or probation authority does not consent to that election;

(6) the person elected and was admitted to a designated program on [two] prior occasions within any consecutive [two]-year period;

*(7) the person has been convicted of residential burglary and has a record of one or more felony convictions;*

(8) the crime is a violation of Section 11-501 of the Illinois Vehicle Code or a similar provision of a local ordinance; or

(9) the crime is a reckless homicide or a reckless homicide of an unborn child, as defined in Section 9-3 or 9-3.2 of the Criminal Code of 1961, in which the cause of death consists of the driving of a motor vehicle by a person under the influence of alcohol or any other drug or drugs at the time of the violation." (Emphasis added.) 20 ILCS 301/40-5 (West 2004).

Before proceeding to the merits of the defendant's argument, we note that in People v. Dean, 363 Ill. App. 3d 454, 843 N.E.2d 905 (2006), the Second District of the Illinois Appellate Court reviewed a constitutional challenge to section 40-5(7) based on the equal protection clause. This case is directly on point. Although the defendant's arguments are identical to those discounted by the court in Dean, she failed to mention Dean in her opening brief.

In Dean, the defendant had a prior felony conviction and was found guilty in the trial court of two counts of residential burglary, one count of burglary, and one count of misdemeanor criminal damage to property. Dean, 363 Ill. App. 3d at 456, 843 N.E.2d at 908. Before the trial began, the defendant was evaluated and found to be dependant on cocaine and acceptable for TASC probation. After the defendant was found guilty of the multiple offenses, the trial court explained that the "defendant was an addict who was likely to be rehabilitated through treatment." Dean, 363 Ill. App. 3d at 456, 843 N.E.2d at 908. The trial court found that the defendant's crimes and addiction had a significant relationship. Despite this finding, the defendant was sentenced to two 60-month concurrent prison sentences. The court held that the defendant was statutorily ineligible for TASC probation because of section 40-5(7) of the Act.

The Second District of the Illinois Appellate Court held that "[t]he legislature possesses wide discretion to classify and prescribe penalties for criminal offenses." Dean, 363 Ill. App. 3d at 467, 843 N.E.2d at 916. The court explained that within that wide discretion, the "legislature considers residential burglary to be a very serious criminal offense that involves a high risk of harm to members of the public." Dean, 363 Ill. App. 3d at 465, 843 N.E.2d at 915. The court held that the legislature's decision to assign lesser penalties for other crimes that pose a public safety risk "may

be indicative of a legislative determination that residential burglary presents a more significant public safety risk than the conduct prohibited by [other] offenses." Dean, 363 Ill. App. 3d at 467, 843 N.E.2d at 916. The court found that "[s]uch a legislative determination serves as a rational basis for concluding that a criminal defendant convicted of residential burglary, who also has a record of one or more felony convictions, should be *per se* ineligible for TASC probation while criminal defendants who are convicted of the offenses having a lesser impact on public safety and who have the same felony records are eligible for TASC probation if in the trial court's judgment TASC probation is appropriate." Dean, 363 Ill. App. 3d at 467, 843 N.E.2d at 916.

In this case, the defendant argues that there is no "ground of difference" that has a fair and substantial relationship to the object of the legislation that could account for the different treatment of residential burglary versus other nonviolent felonies. The defendant also contends that the exclusion of convicted residential burglars under section 40-5(7) fails to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare because burglary has a significant relationship to substance abuse and can be remedied through the program. While this is a clever argument, we disagree that it substantiates the unconstitutionality of section 40-5(7).

As the Second District held in Dean, the legislature has wide discretion to determine which crimes pose a significant threat to public safety and what penalty should be attached to each crime. " '[T]he residential-burglary statute was enacted by the General Assembly to deter the unlawful entry into dwelling places and thus to protect the privacy and sanctity of the home.' " Dean, 363 Ill. App. 3d at 468-69, 843 N.E.2d at 917, quoting People v. Bales, 108 Ill. 2d 182, 193, 483 N.E.2d 517, 522

(1985). We are not persuaded by the defendant's argument that the distinction between residential burglary and other nonviolent felonies is not rationally related to the goals of the statute. The legislature has the discretion to assign a penalty such as mandatory imprisonment based on the threat the crime itself poses to the general safety, health and welfare of the public. Despite the "ample evidence" that the defendant presents demonstrating the relationship between residential burglary and addiction, the legislature's discretion to determine that residential burglary poses a greater threat to public safety than other crimes, thus requiring mandatory imprisonment, is paramount. Section 40-5(7) therefore does not violate the defendant's due process or equal protection rights.

Additionally, it is irrelevant that an offender with a prior conviction of a violent felony may be *per se* eligible for TASC in contrast to the defendant who has a nonviolent prior felony conviction. The violent nature of a crime is not the only factor which the legislature may evaluate to determine whether a crime poses a greater threat to public safety. The legislature therefore had the discretion to exclude those, such as the defendant, who commit residential burglary from TASC and impose a mandatory prison sentence. Again, the government has a legitimate objective "of preserving the mandatory prison policy for those who invade the privacy and sanctity of the home." Dean, 363 Ill. App. 3d at 469, 843 N.E.2d at 917.

We hold that section 40-5(7) distinguishes between similarly situated convicted felons for reasons that are rationally related to the purposes of the Act. We also hold that section 40-5(7) is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public safety, health, and well being. Thus, the trial court did not commit plain error by finding that the defendant was ineligible to participate in TASC and instead sentencing her to four years in the

11

Illinois Department of Corrections.

Accordingly, for the forgoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GREIMAN and THEIS, JJ. concur.